STATE v. F. A. McNINCH and another.

*Towns and Cities—Public Place.*

City ordinance against profane swearing and public drunkenness; *Held,* to constitute a misdemeanor for a violation of this ordinance, it is not necessary that the offences should be committed in a "public place." One may be publicly drunk in a private place.

INDICTMENT for an assault and false imprisonment tried at Fall Term, 1882, of MECKLENBURG Superior Court, before *Graves, J.*

The evidence in the case disclosed the following facts:

The defendants arrested the prosecutor, Robert C. Mason, in the city of Charlotte, and caused him to be confined in the city prison. The defendant McNinch was the chief of police of Charlotte, and the defendant Healy a policeman, acting under McNinch, and the prosecutor was drunk when arrested. The defendants sought to justify under the common law and an ordinance of the city, which declared "*public drunkenness and loud and profane swearing to be a nuisance and a misdemeanor*," and prescribed punishment for the same, within the limit allowed by law.

The only question made by the defendants and presented by the appeal, is, whether the place, in which the prosecutor was found in said city in a state of drunkenness and using loud and profane language, was a public place.

The evidence on this question is, that the prosecutor was in an open space or place in rear of Sneider's bar-room, which bar-room fronted on Tryon street, one of the principal streets of said city. That said open space was on three of its sides bounded by the said bar-room, the Charlotte Hotel (one of the principal hotels of said city and having two stories) and a house occupied and used as a boarding house, overlooking the place where the prosecutor was found and arrested, which was about eight steps from the dining room of the Charlotte Hotel. Some of the upper windows, and two of the dining room and the pastry room windows, of the hotel fronted this place. It was during the dinner hour when the prosecutor was seen and arrested by the defendants, and the guests of the Charlotte Hotel and the boarding house were sitting at the dinner table. The hotel windows had blinds which are sometimes open and sometimes closed. There was a water closet in the rear of the place not far from where the prosecutor was. McNinch heard him using loud and profane language, and he was also heard by two other persons, and they also saw him in said place in a drunken condition.

STATE *v.* McNINCH.

The defendants put in evidence the acts of the general assembly incorporating the town and city of Charlotte, and the amendments thereto.

His Honor charged the jury that if the prosecutor was arrested in a public place under the circumstances shown by the testimony, the acts of the defendants were lawful, as they had subsequently complied with the law; that as conceded by the state and the defendants, the only question was whether the place in which the prosecutor was arrested is a public place. In regard to this the court was requested by the defendants to charge, that if divers citizens were assembled near and in view of the place where the prosecutor was seen and arrested by the defendants, and said citizens so assembled had the opportunity to see him in his drunken condition, that then it would be a public place. To which the court responded by charging the jury: "That this was true, but if in order to view or see the prosecutor it was necessary for the citizens then and there assembled to go to the windows, then it would not be a public place." The defendants excepted. Verdict and judgment against the defendants, and they appealed.

*Attorney General*, for the State.
*Messrs. Burwell & Walker*, for the defendants.

ASHE, J. The defendants justified their act of arresting the prosecutor under the common law and an ordinance of the city of Charlotte. His Honor charged the jury that the guilt of the defendants depended upon the question whether the place where the prosecutor was arrested was a public place, and that if in order to view or see the prosecutor it was necessary for the citizens to go to the windows, then it would not be a public place. The charge is erroneous. His Honor in making it seems to have had in his mind the crime of nuisance at common law, but the ordi-

nance of the city was evidently intended to create different offences from that. It was a police regulation adopted, not merely to secure the citizens of the city against annoyance, but to prevent the evil example of such immoral conduct.

The ordinance embraces two offences, loud and profane swearing and public drunkenness. To make these criminal offences, it is not necessary they should be committed in a public place. There is nothing in the ordinance about a "public place."

His Honor did not seem to consider the difference between public drunkenness and drunkenness in a public place. A man may be publicly drunk in a private place. If for instance the prosecutor had remained in Sneider's bar-room and had been seen there by several persons, he would be said to be publicly drunk. And when he went to the back-yard of the bar-room in a state of drunkenness, and in that state was seen by several persons and was in full view of the dining-room of the hotel, only about eight steps distant, and the windows of a boarding-house, on the opposite side of the small square while the guests were at dinner, and indulged in loud and profane swearing, it was a violation of the ordinance and according to its provisions a misdemeanor, and the defendants were justified by it in making the arrest.

There is error. Let this be certified to the superior court of Mecklenburg that a *venire de novo* may be awarded.

Error. *Venire de novo.*