## JOHN W. NEAL v. W. H. JOYNER.

*Arrest, action for damages for unlawful—Evidence—Malice.*

1. A peace officer may justify an arrest without a warrant, when he shows satisfactory reasons for his belief of the fact and the guilt of the suspected party, and that delay in procuring a warrant might enable the party to escape. In such case, proof of the actual commission of the crime is not necessary.

2. A private citizen may likewise arrest where a felony is committed in his presence, and he acts upon reasonable grounds for his belief that the arrested party is guilty. THE CODE, §§1126, 1129.

3. In an action for damages for an unlawful arrest, proof that the defendant did not act from malice towards the arrested party, is no defence.

    (*Brockway* v. *Crawford*, 3 Jones, 433, cited and approved).

CIVIL ACTION tried at Spring Term, 1883, of ORANGE Superior Court, before *MacRae, J.*

The action is for assault and battery and for false imprisonment in causing the arrest and detention of the plaintiff upon a charge of felony. In answer and defence, the defendant states the arrest to have been made under the following circumstances:

On the day mentioned in the complaint one Weaver came to the defendant (railroad agent and telegraph operator) at Princeton, a station on the North Carolina railroad, and communicated the information that some one had the night before broken into his house and stolen his trunk containing eighty dollars, and he requested the defendant to send telegraphic messages of the robbery to the different points on that and the Wilmington & Weldon railroad, in order that the police might be on the look out for the thief. The telegrams were sent off in accordance with the request. Weaver subsequently met with one Raiford, a section master in the service of the company, and gave him the information, and Raiford, learning from one of the employees of the company (who had that morning before day come up from

Goldsboro on the freight train) that a man had signalled the engineer and stopped and got on the train with a trunk at the Midland railroad crossing, three miles below Princeton, an unusual place for stopping, came to the defendant and gave him this further information, at the same time expressing the belief that this was the guilty man and ought to be arrested. As the train, according to its runnings, was then supposed to be at or near Durham, a message was telegraphed to the mayor of the town to arrest the suspected criminal. The plaintiff was thereupon arrested and detained until the next morning, when an officer, who had come to Princeton on his way to Durham to take possession of the plaintiff, stated that Weaver had obtained information that one Crocker, who had got on the down train at Pine Level, was the man wanted, and thereupon the plaintiff was discharged.

The defendant further avers that, not knowing who the plaintiff was, he was not actuated by malice in causing the arrest, but acted *bona fide* and upon reasonable grounds for believing the plaintiff to be the person who had committed the crime.

To the answer the plaintiff demurs, for that, it does not state facts sufficient to constitute a defence, and that the facts set out therein do not show probable cause and reasonable grounds for belief of the commission of the alleged felony by the plaintiff.

Upon the hearing of the issue made by the demurrer, it was sustained by the court and an order made for a jury to inquire into and assess the plaintiff's damages. From this judgment the defendant appealed.

*Mr. R. C. Strudwick*, for plaintiff.
*Messrs. Graham & Ruffin*, for defendant.

SMITH, C. J., after stating the above. At common law, when a felony was committed and a constable received information of the person who did it, he may arrest the offender without warrant and detain him until he can bring him before a justice, though not compellable to do so. 1 Hale P. C., 587.

In like manner a private person may arrest the party who has committed the felony, and use necessary force to overcome his resistance; if he witnesses the act done, he is bound to make the arrest. *Ib.*, 588.

Our former statute embodies in substance the first proposition and imposes upon all peace officers, when a crime has been committed, the punishment whereof for the first or second offense is death, or any part is by whipping or standing in the pillory, and the offender is pointed out by information, the duty to pursue and arrest him, and all citizens of the county are required to assist in apprehending the criminal.   Rev. Code, ch. 35, §2.

THE CODE, however, re-enacting the act of 1868–'69, somewhat modifies the preceding law, and restricts the right to arrest without warrant.   It confers this power upon the sheriff, coroner, constable, officer of police and others entrusted with the preservation of the public peace, "who shall know or have reasonable ground to believe that any felony or larceny has been committed or that any dangerous wound has been given, and shall have reasonable ground to believe that any particular person is guilty and shall apprehend that such person may escape, if not immediately arrested.   §1126.

The right to arrest is given to any individual where the "felony or other infamous crime" has been perpetrated "in his presence, and he knows or has reasonable ground to believe the party arrested to be guilty of the offense."   §1129.

The changes are material and the enactments now in force more nearly conform to the rules of the common law.   A peace officer may now justify his arrest, without proof of the actual commission of the crime, when he shows satisfactory reasons for his belief of the fact and of the guilt of the suspected party, and then only when he apprehends an escape unless he acts promptly. So may a citizen where he has personal knowledge of a felony or other infamous crime committed, and acts upon reasonable grounds for the belief that the arrested party is the guilty offender.

While additional safe-guards are thus placed around the lib-

erty of the citizen for his protection against the exercise of arbitrary power by public officers, these latter also are protected against vexatious suits, where their conduct is marked by good faith, and an honest effort is made to bring criminals to justice. Although the arrested party may prove to be innocent, they can defend against actions for false imprisonment, where the arrest is shown to have been made upon information reasonably sufficient to warrant the belief that crime has been committed, and that it was committed by the person arrested, when delay in procuring a warrant might enable him to escape.

The principle of the common law in reference to arrests is thus stated by LORD TENDERDEN in *Beckwith* v. *Philby*, 6 B. & C., 635:

" There is this distinction between a private individual and a constable; in order to justify the former in causing the imprisonment of a person, he must not only make out a reasonable ground of suspicion, but he must *prove that an actual felony has been committed.* Whereas, a constable having *reasonable ground to suspect* that a felony has been committed, is authorized to detain the party suspected until an inquiry shall be made by the proper authorities." And to this effect are the authorities in the absence of controlling legislation. *Allen* v. *Wright,* 8 Car. & P., 522; *Rohan* v. *Sawin,* 5 Cush., 281; *Burns* v. *Erben,* 40 N. Y., 463; Cooley on Torts, 175; *Brockway* v. *Crawford,* 3 Jones, 433.

Assuming, as we must in passing upon the demurrer, the facts to be as set out in the answer, what reasonable grounds do they furnish to support the belief that the plaintiff broke into the house and stole and carried away the trunk and money as charged? The only information conveyed to the defendant, besides that of the perpetrated burglary and theft, was, that a person with a trunk stopped a passing freight train by a signal heeded by the engineer in charge, or conductor, at an unusual place for stopping at an intersection with another railroad, and entered a car in the night time. Except the coincidence in time, no circumstance is shown to connect the plaintiff with the crimi-

nal act, or to awaken a just suspicion of his being himself the guilty party, nothing in his manner or conduct, nothing found in his possession but an article carried with them by all travellers going to a distant point, or for a considerable absence. It is no defence against such an invasion of personal security to say that no malicious feeling prompted the act, when the arrest was procured upon information wholly insufficient to warrant it, or reasonably to justify the belief of the plaintiff's guilt.

If we concede, as we do not, that the law gives immunity to the officer who, we may suppose, was acting in regard to what he deemed a duty to the public, the arrest was brought about by the direct procurement of the defendant, and he has rendered himself amendable to the plaintiff's claim for redress.

We therefore affirm the ruling of the court in sustaining the demurrer, and this will be certified for further proceedings in the court below.

No error. Affirmed.