STATE v. POYNER.

(Filed February 23, 1904).

LIMITATIONS OF ACTIONS—*Nuisance*—*Agency.*

> An employee who erects a nuisance in a water-way for his employer cannot be indicted therefor after the expiration of two years.

INDICTMENT against A. J. and T. G. Poyner, heard by *Judge W. B. Council* and a jury, at Fall Term, 1903, of the Superior Court of CURRITUCK County. From a verdict of guilty, and judgment thereon, the defendants appealed.

*Robert D. Gilmer, Attorney-General* and *E. F. Aydlett,* for the State.

*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendants.

CONNOR, J. The defendants were indicted for erecting and maintaining a public nuisance, in that they "did erect, place and put in" Wills Island Lead, a common highway, certain piles and posts and unlawfully and wilfully doth

134——39

continue said obstructions and impediments, etc." There
was evidence tending to show that "Wills Island Lead" is
a water-way extending from one end to the other of Curri-
tuck Sound.   That it was navigable and used by the citi-
zens for hunting and fishing.   There was also evidence that
the stakes and obstructions placed in said water-way have
remained there until the trial of this indictment, and were
put there by the defendants.   That they were put there
from ten to thirteen years before the presentment or indict-
ment herein; that the work was done by the defendants,
who were laborers employed by and under the direction of
one Thomas J. Poyner, who was superintendent of the
Currituck Shooting Club; that defendants left the employ-
ment of said Poyner and said club the same year the ob-
structions were put in and had not been in the service of
either since, nor had they had anything to do with said
obstructions.

The defendants' counsel, in apt time, requested the Court
to charge the jury, "If the defendants were laborers and
employed in the service of T. J. Poyner or other employee,
and as such employees and laborers under direction of the
said employee, more than two years before the finding of the
bill of indictment in this case drove said stakes and there-
after had nothing to do with keeping of and maintaining
said obstructions, they cannot be convicted, and you should
return a verdict of acquittal."   The Court declined to give
this instruction and the defendants excepted.   The Court
instructed the jury that if they believed the evidence they
should find the defendants guilty, notwithstanding the lapse
of time since they did the work and ceased their connection
with the matter.   The defendants duly excepted, and from
judgment upon a verdict of guilty appealed.

The indictment is drawn in accordance with the decision
of this Court in *State v. Club*, 100 N. C., 477, 6 Am. St.

Rep., 618, and charges a nuisance at common law for placing obstructions in a public highway, navigable water, and for continuing and maintaining the same. If the bill charged the defendants with *placing* the obstructions in the highway, they could not have successfully defended themselves by showing that they did so by direction of their employer. *State v. Campbell,* 133 N. C., 640. They would, however, have been entitled to an acquittal because more than two years had elapsed since the commission of the offense. The Attorney-General insists that the indictment is also for continuing and maintaining a nuisance, and that against this offense the statute does not run so long as the nuisance continues. This is undoubtedly true, as held by this Court in *State v. Holman,* 104 N. C., 861. The present *Chief Justice* says: "The State was entitled to show the existence of the nuisance at any time within two years before the indictment." In that case the defendants owned the land upon which the mill-dam complained of was situate, they had control of it and actively maintained it. In this case the defendants, laborers in the employment of other persons, in the discharge of their duty, and by their direction, put the stakes in twelve years ago. They had no interest in the matter and nothing to do with keeping them there or maintaining the obstruction. During the same year they left the employment. It does not seem that in any proper or legal sense the defendants can be said to *maintain* the nuisance. The industry of the defendants' counsel has brought to our attention the case of *Lyman v. Dorr,* 1 Aikens (Vt.), 217, in which the distinction is very clearly pointed out. *Rogie, J.,* says: "When a person in his own right and for his own benefit commits a trespass by erecting a nuisance on another's land, it is but reasonable that he should remain liable for the continuing injury. And on the other hand, if he committed the original trespass as an agent

and for the benefit of another, the continuance should not be regarded as his act, but as that of the principal." It would be a strange result if the law should hold a laborer liable for maintaining a nuisance erected by him in the course of his employment and by direction of his employer, twelve years after he had quit the service and had not had any connection with the master. Certainly if a civil action would not lie, he could not be indicted and convicted of a criminal offense. The Court should have given the instruction asked, and for the refusal to do so the defendants are entitled to a

New Trial.