MARTIN *v.* HOUCK.

Error.

MARTIN v. HOUCK.

(Filed May 8, 1906).

*False   Imprisonment — Unlawful   Arrest — Arrests   Without Warrant—Police Officers.*

1.   Under Revisal, section 3178, an officer may arrest for a felony without a warrant, if he knows or has reasonable ground to believe that a felony has been committed and that a particular person is guilty, and he also believes that he will escape if not immediately apprehended.

2.   Under Revisal, section 3177, an individual may arrest for a felony without a warrant if the offense has been committed in his presence and he knows, or has reasonable ground to believe, the suspected party to be guilty.

3.   Under Revisal, section 2939, the right of a police officer to arrest when he has no warrant is confined necessarily by the statute to the limits of the town.

4.   In an action for false imprisonment and unlawful arrest, the defendants cannot justify on the ground that they were summoned by their co-defendant, the chief of police, where it appears that the arrest was made outside of the limits of the town, without warrant and there was no evidence tending to show that a felony had been committed.

5. A false imprisonment may be committed by words alone, or by acts alone, or by both, and by merely operating on the will of the individual, or by personal violence, or both. It is not necessary that the individual be confined within a prison or within walls, or that he be assaulted. It may be committed by threats.

ACTION by S. C. Martin against Calvin Houck and others, heard by *Judge Oliver H. Allen* and a jury, at the November Term, 1905, of the Superior Court of CALDWELL.

This action was brought to recover damages for an unlawful arrest and false imprisonment. The defendant, Calvin Houck, was a policeman of Granite Falls, when he was informed that the plaintiff had stolen a pair of shoes from a store while it was on fire. He and his co-defendants, J. O. Deal and George Lefevers, who acted as deputies, went to the plaintiff's house, which was two miles from the town, in the night and after the plaintiff and his wife had retired, and arrested him, after searching the house at plaintiff's request, as the State's evidence tended to show. The plaintiff's wife was compelled to dress in the presence of these strangers. The plaintiff, when accused of stealing the shoes, denied his guilt, but voluntarily agreed to go with the defendants to town and answer the charge. The defendants then told him that he need not go that night if he would come to town the next morning, which he promised to do. He went to Granite Falls the next morning, but no warrant was ever issued, and no accusation made against him for stealing the shoes. The defendants had no warrant for the plaintiff when they went to his home for the purpose of arresting him, nor ·does it appear that any formal charge was ever made against him, before or after the arrest. There was evidence on the part of defendants to show that, while they had entered his house that night, they had not arrested him. The defendants offered to prove that the plaintiff was seen with a pair of shoes two weeks after the night of the fire, and further that the defendant, Calvin Houck, had been told by A. M. Martin of a

report made to him (Martin) that the plaintiff had stolen shoes from the burning building. This testimony was excluded and defendants excepted. The court instructed the · jury upon the law as applicable to the different phases of the case and to this part of the charge there was no exception. The defendants requested the court to instruct the jury as follows: "That in no view of the case could they return a verdict against the defendants, Deal and Lefevers, they having been summoned by Houck, who was chief of police of the town of · Granite Falls, to go with him in search for stolen goods, and that there was no testimony that either of the defendants, Deal or Lefevers, in any manner attempted to arrest the plaintiff or in any manner restrained or assisted to restrain him of his liberty." The court refused to give this instruction and the defendants (Deal and Lefevers) excepted. The court, in lieu of said instruction, charged the jury as follows: The arrest if made at all is admitted to have been made outside the town of Granite Falls, and no authority being shown for a policeman of Granite Falls to arrest outside of the town limits by the evidence in this case, the defendants, Deal and Lefevers, were not required to obey Houck, and if the plaintiff was actually arrested and the defendants Deal and Lefevers were present and participated in it they would be liable. Defendants excepted.

The jury found, under issues properly submitted, that the defendants did unlawfully arrest the plaintiff and assessed his damages at $200. Judgment was entered upon the verdict and the defendants appealed.

*Lawrence Wakefield* and *E. B. Cline* for the plaintiff.
*W. C. Newland* for the defendants.

WALKER, J., after stating the case: The court in its charge fully explained to the jury the law applicable to the power of an officer to arrest without a warrant, and also in-

structed them as to the powers of a town policeman. The only two exceptions made to the charge are really the same in substance and are sufficiently presented in the exception noted.

The statute provides as follows: "As a peace officer, the constable shall have within the town all the powers of a constable in the county; and as a ministerial officer, he shall have power to serve all civil and criminal process that may be directed to him by any court within his county, under the same regulations and penalties as prescribed by law in the case of other constables, and to enforce the ordinances and regulations of the board of commissioners as the board may direct." Revisal, section 2939. "Every person in whose presence a felony has been committed, may arrest the person whom he knows or has reasonable ground to believe to be guilty of such offense, and it shall be the duty of every sheriff, coroner, constable or officer of police upon information to assist in such arrest." Sec. 3177. "Every sheriff, coroner, constable, officer of police or other officer, entrusted with the care and preservation of the public peace, who shall know or have reasonable ground to believe that any felony has been committed, or that any dangerous wound has been given, and shall have reasonable ground to believe that any particular person is guilty, and shall apprehend that such person shall escape if not immediately arrested, shall arrest him without warrant, and may summon all bystanders to aid in such arrest." Sec. 3178. "Every person arrested without warrant shall be either immediately taken before some magistrate having jurisdiction to issue a warrant in the case, or else committed to the county prison and, as soon as may be, taken before such magistrate, who, on proper proof, shall issue a warrant and thereon proceed to act as may be required by law." Section 3182. We see, therefore, that an officer may arrest for a felony without a warrant, if he knows or has reasonable ground to believe that a felony has been committed and that a particular person is guilty, and he also believes that he will escape if not immediately apprehended, while

an individual may arrest in such a case, if the offense has
been committed in his presence and he knows, or has reason-
able ground to believe, the suspected party to be guilty. A po-
liceman, as a peace officer, is given within the town all the
powers of a constable in the county, and as a ministerial offi-
cer, he has the power to serve process directed to him by the
court. In this case it appears that Houck had no warrant, so
that he was not acting as a ministerial officer. What, then, are
the powers of a constable in the county which he has under the
statute as a peace officer? "In executing warrants (a con-
stable) is a ministerial officer; in the apprehension of those
who violate the law, he is a conservator of the peace. . By the
original and inherent power he possesses, he may, for treason,
felony, breach of the peace and some misdemeanors less than
a felony committed in his view, apprehend the supposed of-
fenders *virtute officii,* without any warrant." *State v. Free-*
*man,* 86 N. C., 685. A police officer was not known to the
common law and therefore he can exercise only such powers
as are given by the statute. His right to arrest when he has
no warrant is confined necessarily by the statute to the limits
of the town. *State v. Freeman, supra; State v. Sigman,* 106
N. C., 278; *Sossamon v. Cruse,* 133 N. C., 470. So that
Houck cannot justify the arrest of the plaintiff as an officer,
for he did not arrest in the town and had no warrant, and his
co-defendants consequently cannot justify under him. This
will free the charge of the court of any error, unless the de-
fendants can justify as individuals, upon the ground that
they had good reason to suspect that the plaintiff had stolen
the shoes. Larceny is a felony. The statute provides that
any one may arrest a person who he knows or has reasonable
ground to believe, has committed a felony, but the offence
must have been committed in his presence. The shoes are
not alleged to have been stolen in the presence of the defend-
ants. So that statute does not apply. We need not inquire
whether the statute, in this respect, is exclusive of the com-

mon law right of a person to arrest another who is suspected
of having committed a felony, and that question is not there-
fore decided. It is sufficient to dispose of this case that we
hold, as we do, that if the common law rule still exists, the
defendants cannot justify under it as the evidence is not
legally sufficient for the purpose. At the common law, in
every case of treason and felony the supposed offender may be
apprehended without warrant, if such a crime has been
actually committed, and there is reasonable ground to suspect
him to be guilty. In such a case the party making the arrest
will not be liable to an action, though it should ultimately
appear that he was mistaken and the person suspected was in-
nocent. But if no such crime was committed by any one,
an arrest without warrant by a private individual, would be
illegal. 1 Chitty's Cr. Law, 15 ; *Neal v. Joyner,* 89 N. C.,
287 ; *State v. Campbell,* 107 N. C., 948. The foregoing doc-
trine was declared by *Lord Tenterden* in *Beckwith' v. Philby,*
6 B. & C., 635, which seems to be a leading case upon the sub-
ject. In *Ashley's case,* 12 Coke, 90, it was resolved that, if
felony is done and one hath suspicion upon probable matter
that another is guilty of it, he may arrest the party so sus-
pected, to the end that he may be brought to justice, but in
such case three things are to be observed. (1) That a felony
be done. (2) That he who doth arrest hath suspicion upon
probable cause, which may be pleaded, and is traversable.
(3) That he himself, who hath the suspicion, arrest the
party. He cannot command another to do it, for suspicion
is a thing individual and personal, and cannot extend to
another person than to him who hath it." The law on this
subject is set forth with great clearness and fullness in Voor-
hees on Arrest, sec. 112. The principle is thus stated in
*Holley v. Mix,* 3 Wendell (N. Y.), 351. "An arrest of a felon
may be justified by *any person* without warrant, whether there
be time to obtain one or not, if a felony has in fact been com-
mitted by the person arrested. If an innocent person be

arrested upon suspicion by a private individual, such individual is excused, if a felony was in fact committed, and there was reasonable ground to suspect the person arrested, but if no felony was committed by any one and a private individual arrested without warrant, such arrest is illegal; a police officer, however, having general authority to arrest would be justified without having a warrant, if he relied upon information from another on which he had reason to rely." *Brockway v. Crawford,* 48 N. C., 433; *Kennedy v. State,* 107 Ind., 144; *Brooks v. Com.,* 61 Pa. St., 352; *Wright v. Com.,* 85 Ky., 123; *Long v. State,* 12 Ga., 293. There is no evidence in this case tending to show that a larceny had been committed and none to show that the plaintiff had stolen the shoes. *State v. Rutherford,* 8 N. C., 457. What Masten told the defendant he had heard somebody else say, is hardly sufficient proof of the fact that a larceny had been committed for submission to the jury. It is no legal proof at all, and the case was totally devoid of evidence that any such crime had been committed, even when we consider the evidence offered and excluded that the plaintiff was wearing a pair of new shoes two weeks after the fire. It was not shown that any shoes had been taken nor, if any had been taken, were those worn by the plaintiff identified as the stolen property or a part of it, nor were any stolen goods found at his house. There was no serious attempt to establish the essential fact that a felony had been committed.

There was abundant evidence to show that the plaintiff had been unduly restrained of his liberty by Houck and the other defendants who were present and participated. In ordinary practice, words are sufficient to constitute an imprisonment, if they impose a restraint upon the person, and the party is accordingly restrained; for he is not obliged to incur the risk of personal violence and insult by resisting until actual violence be used. This principle is reasonable in itself, and is fully sustained by the authorities. Nor does

there seem that there should be any very formal declaration of arrest. If the officer goes for the purpose of executing his warrant, has the party in his presence and power, if the party so undertsands it, and in consequence thereof submits, and the officer, in the execution of the warrant, takes the party before a magistrate, or receives money or property in discharge of his person, it is in law an arrest, although he did not touch any part of the body. It is not necessary to constitute false imprisonment that the person restrained of his liberty should be touched or actually arrested. If he is ordered to do or not to do the thing, to move or not to move against his own free will, if it is not left to his option to go or stay where he pleases, and force is offered or there is reasonable ground to apprehend that coercive measures will be used if he does not yield, the offense is complete upon his submission. A false imprisonment may be committed by words alone, or by acts alone, or by both, and by merely operating on the will of the individual, or by personal violence, or both. It is not necessary that the individual be confined within a prison or within walls, or that he be assaulted. It may be committed by threats. Voorhees on Arrest, sections 274, 275 and 276. The evidence shows that the defendant Houck said to the plaintiff, "Consider yourself under arrest. You must go back to Granite Falls with us." Plaintiff asked for his warrant, when Houck replied, "That is all right about the warrant. You must go to Granite Falls with us." Plaintiff then said "I will go with you." There was still other evidence showing that he submitted to the control they attempted to exercise over his person and that he was made to act contrary to his own will. It is clear, we think, that there was no error in the charge with respect to the question whether or not there was an arrest. There was ample evidence also of the participation of the defendants Deal and Lefevers. It would not serve any useful purpose to state the evidence in full.

We have not failed to observe that there is no evidence of any reasonable apprehension that the plaintiff might escape or that he was attempting to escape. The fact is that he was at his home, apparently unconscious that he was being pursued or that he was even suspected of having committed a crime. Nor have we overlooked the fact that the defendants never made any charge against the plaintiff before a magistrate on the next day after the arrest, and did not in any respect comply with the requirements of the statute. Their conduct was not only illegal, but extremely reprehensible and they have, under the circumstances, been very lightly dealt with by the jury. The verdict is but a small recompense to the plaintiff for the grievous wrong inflicted upon him and his family.

We can find no error in the rulings and charge of the court. No Error.