GEORGE S. SIGMON v. R. B. SHELL.

(Filed 13 May, 1914.)

1. False Arrest—Liability of Officer—Reasonable Belief—Trials—Questions for Jury.

An officer acting without warrant and on his personal observation will not be liable in damages for making an arrest when no offense has been committed, if, under the circumstances, he had

reasonable grounds for believing that it had been; the reasonableness of the belief presenting matters of fact for the determination of the jury, with the burden upon the defendant to show justification for the act when this defense is pleaded and relied upon.

2. **Trials—Burden of Proof—Instructions—"Satisfy" the Jury.**

In an action against an officer for unlawful arrest and false imprisonment, it is not error for the court to charge the jury that the defendant must "satisfy" them of the matters in justification relied on by him, for this does not increase the burden or quantum of proof required of him.

3. **Trials—Instructions—Correct in Part—Exceptions.**

Exceptions to portions of the charge of the court to the jury, in which there were correct principles of law stated applicable to the evidence in the case, will not be considered on appeal, it being required of the appellant to specify or point out the particular errors alleged.

4. **Trials—Witness—General Character—Impeaching Evidence.**

Evidence of the character of a witness, who has testified in an action, should be restricted to general character, and it is proper for the trial court to so restrict it.

5. **Trials—Evidence—Res Gestæ—Officers—False Arrest.**

In an action against an officer for false arrest and imprisonment, while acting on his own observation without a warrant, evidence of matters transpiring while the arrest was being made is competent against the prisoner, as a part of the *res gestæ*, but it is incompetent to show what had occurred at a different time or place.

APPEAL by defendant from *Cline, J.*, at November Term, 1913, of CATAWBA.

This action was brought to recover damages for the unlawful arrest and false imprisonment of the plaintiff by the defendant. The arrest was made for the violation of an ordinance of the city of Hickory forbidding drunkenness and cursing in a public place in said city. Plaintiff alleges that the defendant, a policeman of the city, arrested him, without a warrant, for cursing and being drunk on the streets, when neither charge was true, and defendant says that he was drunk and cursing on the streets near Abernathy's stables. There was much evidence

offered to sustain the allegations of the respective parties. Under the evidence and charge of the court, the jury returned the following verdict:

1. Did the defendant wrongfully and unlawfully arrest the plaintiff and restrain him from his liberty, as alleged? Answer: Yes.

2. Did the defendant wrongfully and unlawfully assault the plaintiff and injure his arm, as alleged in the complaint? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: The sum of $600.

Judgment was entered thereon, and defendant appealed.

*W. A. Self and S. A. Jordan for plaintiff.*
*A. A. Whitener for defendant.*

WALKER, J., after stating the case: An inspection of the record will show that this case was carefully tried below, and the issues, evidence, and law bearing thereon were so clearly and fully explained by the learned judge who presided at the trial, to the jury, that we do not think there could have been any misunderstanding of the questions involved. Many exceptions were taken to the charge of the court, but it appears therefrom that the court instructed the jury in strict accordance with the principles applicable to such cases as have been settled by this Court. The charge is supported by this statement of the law, by *Chief Justice Smith,* in *S. v. McNinch,* 90 N. C., 699: "In making an arrest upon personal observation and without warrant, the officer will be excused when no offense has been perpetrated, if the circumstances are such as reasonably warrant the belief that it was (*Neal v. Joyner,* 89 N. C., 287), and the jury must judge of the reasonableness of the grounds upon which the officer acted." There can be no question that the judge stated the law, in this respect, with sufficient clearness, and gave the defendant the full benefit of it. With the exceptions relating thereto settled adversely to the defendant, there is really nothing left but an issue of fact, which the jury have decided

SIGMON *v.* SHELL.

against him, unless there was error in that part of the charge
where the court instructed the jury that, as defendant pleaded
justification of the arrest, the burden was upon him to establish
the defense to the satisfaction of the jury by a preponderance
of the evidence.

Defendant had no process for the arrest, and he committed
an assault unless, in some way, he can excuse or justify his con-
duct; and, too, the question of his good faith and the reasonable-
ness of his acts were in issue, and these called for proof from
him. "The onus of justification in issue. primarily rests with
the defendant." 19 Cyc., 363, and cases in note: *Jackson v.
Knowlton,* 173 Mass., 94; *M. C. Railway Co. v. Gehr,* 66 Ill.
App., 173; *Edger v. Burke,* 96 Md., 715; *Snead v. Bonnoil,* 166
N. Y., 325; *Franklin v. Amerson,* 118 Ga., 860. In *Jackson v.
Knowlton, supra,* the lower court charged that "the burden of
proof, by a fair preponderance of the evidence, was upon the
plaintiff to show that the defendants did not have, at the time
of the arrest and imprisonment, probable cause to believe that
the plaintiff was guilty of a crime," and the reviewing Court
said: "We are of opinion that this instruction was wrong, and
that the jury should have been instructed in accordance with the
plaintiff's contention. It was long ago said by *Lord Mansfield:*
'A gaoler, if he has a prisoner in custody, is *prima facie* guilty
of an imprisonment; and therefore must justify.' *Badkin v.
Powell,* Cowp., 476, 478. So in *Holroyd v. Doncaster,* 11
Moore, 440, and 3 Bing., 492, it was said by *Chief Justice Best:*
'Where a man deprives another of his liberty, the injured
party is entitled to maintain an action for false imprisonment,
and it is for the defendant to justify his proceeding by showing
that he had legal authority for doing that which he had done.'
The precise point involved in this case was decided in favor of
the plaintiff's contention in *Bassett v. Porter,* 10 Cush., 418, in
which it was said by *Mr. Justice Metcalf,* in delivering the
opinion of the Court: 'Every imprisonment of a man is *prima
facie* a trespass, and in an action to recover damages therefor,
if the imprisonment is proved or admitted, the burden of justi-
fying it is on the defendant.' This case has not been overruled

or questioned in this Commonwealth. The same rule prevails in an action for an assault. If the assault is admitted or proved, the burden is on the defendant to prove justification," citing cases. The Court concluded that, in an action for an illegal arrest and imprisonment, the burden is on the defendant to prove justification.

The requirement in the charge of the court that the jury should be "satisfied" as to the facts of justification, did not increase the burden or the quantum of proof which should come from the defendant in order to establish a justification. It was so held in *Chaffin v. Manufacturing Co.,* 135 N. C., 95. We there said: "The use of the word 'satisfied' did not intensify the proof required to entitle the plaintiffs to the verdict. The *weight* of the evidence must be with the party who has the burden of proof, or else he cannot succeed. But surely the jury must be satisfied or, in other words, be able to reach a decision or conclusion from the evidence and in favor of the plaintiff which will be satisfactory to themselves. In order to produce this result, or to carry such conviction to the minds of the jury as is satisfactory to them, the plaintiff's proof need not be more than a bare preponderance, but it must not be less. The charge, as we construe it, required only that plaintiffs should prove their case by the greater weight of the evidence.

Most of the exceptions were taken to large portions of the charge, which were, at least, partially correct, and when this is the case the exceptions must fail. The exception must point out and specify the error; otherwise, it will be too general. *S. v. Ledford,* 133 N. C. at 722; *Bost v. Bost,* 87 N. C., 477; *Insurance Co. v. Sea,* 21 Wall. (U. S.), 158; *Buie v. Kennedy,* 164 N. C., 290.

There were several objections to evidence. It was correct in the court to restrict the evidence of reputation to general character of the party, as a witness. His character was not otherwise relevant, as it was not involved in the issue. 16 Cyc., 1270.

What transpired while the arrest was being made was competent as part of the transaction, or of the *res gestæ.* It was not competent, though, for defendant to show what had occurred

STARR *v.* OIL CO.

at another time and place, or things done by or between third parties. There were some other exceptions to evidence, but they are unimportant and require no discussion. The rulings in respect to them were manifestly correct.

We have carefully examined and reviewed the case, and find no reason for a reversal of the judgment. The cause has been fairly tried upon the evidence and under correct rulings of the court, and the result should not be disturbed.

No error.