HOKE and STACY, JJ., concur in result; ADAMS, J., did not sit in the case.
The defendant was convicted of having in his possession spirituous liquors for the purpose of sale. He was arrested as he was walking *Page 977 
on Church Street in Asheville by officers who had received information that he had liquor in his possession for sale. He was not searched by them, and he requested that they should not do so. They put him in an automobile, and took him to the sheriff's office, where the defendant voluntarily took out of his several pockets 5 pints of corn whiskey, which were later introduced in evidence on his trial. Officer McLean testified that he told the defendant that he had a search warrant for his person, thereupon the defendant said: "All right, but don't do it here." It appears that the search warrant was what officer Wells called an "alias John Doe warrant," which had been obtained that morning. The warrant was not used at all, except as above stated, and when carried to the sheriff's office the defendant voluntarily took the whiskey out of his pockets.
The defendant was found guilty by the jury, and the judge being satisfied from the testimony of the witnesses, (912) who were examined after the verdict, stated in the judgment: "The defendant has heretofore been convicted for illegal sale of spirituous liquor and fined, and it appearing from the testimony of these witnesses that the record of the defendant for the dealing in liquor is bad, it is adjudged that the defendant be confined in jail and assigned to work on the public roads of Buncombe County for the term of two years, not to wear felon's stripes." Appeal by defendant.
C.S. 3379, provides: "It is unlawful for any person, firm, association, or corporation, by whatever name called, to have or keep in possession, for the purposes of sale, any spirituous, vinous, or malt liquors." There was ample evidence in this case submitted to the jury which justified the verdict that the defendant had liquor in his possession for the purpose of sale.
He had it in his possession concealed, and was going from the direction of his home when taken to the sheriff's office, he voluntarily produced 5 pints of whiskey from as many or more pockets, and he offered no evidence tending to rebut the inference that he had it for an illegal purpose, for he could not conceivably intend to drink it himself.
It is true that C.S. 3379, makes the possession of more than one gallon of spirituous liquors at any one time prima facie evidence of violation of that statute, but the court did not charge that there was *Page 978 
such prima facie evidence, but the contrary. C.S. 3385, makes it unlawful for any person, firm, or corporation at any one time . . . to receive at a point within this State for his use, or for the use of any person, firm, or corporation, or for any other purposes, any spirituous or vineous liquors, or intoxicating bitters in a quantity greater than one quart, or any malt liquors in a quantity greater than 5 gallons; and C.S. 3384, makes it unlawful for any person to carry or to deliver in any manner or by any means whatever, for hire or otherwise, any spirituous or vineous liquors in a quantity greater than one quart. These two sections have been held valid in numerous decisions, which are cited thereunder in the Consolidated Statutes.
The defendant moved for a return of the property under the authority of Amos v. U.S., 41 Supreme Court Reporter 266, and that all evidence based on possession of the liquor be stricken out by virtue of the authority of that case, and the Fourth and Fifth Amendments to the U.S. Constitution. But it has been uniformly (913) held that the first ten amendments to the U.S. Constitution impose limitations only upon the Federal Government and not upon the states. 4 Michie Encyc., U.S. Supreme Court, 139, and cases there cited from Barron v. Baltimore, 7 Pet. 250, down toBarrington v. Missouri, 205 U.S. 486, and there are other cases since.
The same ruling has been often made by this Court. S. v. Patterson,134 N.C. 617, and cases there cited; S. v. Blake, 157 N.C. 611, and many other cases.
In Burdeau v. McDowell, 41 Supreme Court Reporter 574, the U.S. Supreme Court held that the Eighth Amendment applies only to governmental action, and however illegal the seizure of private papers by a private person or corporation may be, they are admissible in evidence against the defendant. The defendant contends, however, that in a still more recent case, U.S. v.Yuginovichi, Advance Opinions, U.S. Supreme Court (65 L.Ed.) 679, it has been held that the existing penal statutes as to intoxicating liquors have been repealed by the Eighteenth Amendment. But an examination of that opinion shows that the holding is that the Eighteenth Amendment and the National Prohibition Act since "repeal all prior laws only to the extent of the penalties against the manufacture and sale of liquor under the revenue laws, since they are inconsistent with the amendment, which now makes the manufacture and sale of liquor illegal."
Besides, there was no illegal search, and S. v. Fowler, 172 N.C. 905, is directly in point, which held that articles illegally obtained from the prisoner are not required to be returned to the prisoner if *Page 979 
evidential. The subject is fully discussed in that very able and clear opinion by Walker, J., to which we could add nothing.
It has always been held in this State, as stated in Best on Evidence 283, that though a person under duress confesses to have stolen goods and deposited them in a certain place, although the confession of the theft will be rejected, yet his statement where the goods were deposited will be received, if they are found there. S. v. Thompson, 161 N.C. 241. To the same purport is the reasoning and citations in S. v. Neville, 157 N.C. 591.
The defendant, however, seems to place his chief emphasis upon the allegation that the defendant was arrested without a legal warrant, and therefore that his subsequent voluntary act in making a disclosure voluntarily of the liquor he was carrying on his person was under duress, and that the liquor should have been returned to him, and that fact should have been struck out as evidence. He relies upon the above decisions from the U.S. Supreme Court, and contends that the provision in our Constitution, Art. I, sec. 15, prohibiting general search warrants being similar, that (914) our own precedents should be overruled.
Whatever has been the purport of the U.S. decisions, above quoted, in the enforcement of the Fourth and Fifth Amendments to the U.S. Constitution, the construction placed by our own courts uniformly upon our own police regulations must govern us, and we have seen no reasoning which will justify us in overruling them.
In this case there was no search and seizure, and the arrest of the defendant was valid, C.S. 4548, and the evidence of the whiskey being found on his person is competent. In S. v. McNinch, 90 N.C. 699, Smith, C.J., says: "In making an arrest upon personal observation and without a warrant the officer will be excused, though no offense has been perpetrated, if the circumstances are such as to reasonably warrant the belief that it had been." S. v. McNinch, supra, was for assault and battery.
In a much later case, Brewer v. Wynne, 163 N.C. 322, Hoke, J., in a well reasoned opinion, with citation of apposite authorities, held that when there is an immoral and indecent show taking place in the presence of officers, or where the performance of the act is imminent, or immediate interference is required to prevent it, officers "may arrest, without warrant, any and all persons who aid and assist in such plays and shows whenever, under all the facts as they reasonably appear to them, such course is necessary for the proper and effective performance of their official duty. This, we think, presents the correct interpretation of the statutory provisions controlling the matter, and the position is in accord with our cases dealing generally with *Page 980 
the subject, as in Martin v. Houck, 141 N.C. 317; Sossaman v. Cruse,133 N.C. 470; S. v. Campbell, 107 N.C. 948-953; S. v. Sigman, 106 N.C. 728;S. v. McNinch, 90 N.C. 695; Neal v. Joyner, 89 N.C. 287."
In 3 Cyc. 886, it is said that where "An offense is committed in the presence or view of an officer, within the meaning of the rule, authorizing an arrest without a warrant, when the officer sees it, although at a distance, or hears the disturbance created thereby and proceeds at once to the scene thereof, or the offense is continuing, or has not been consummated at the time the arrest is made." In the case at bar the officers had information, which proved to be correct, that the defendant was carrying on his person, concealed, a quantity of liquor in violation of the provisions of the Consolidated Statutes above quoted. The offense was continuing, and the sale had not been consummated at the time the arrest was made. In many cases, unless an arrest is made under these circumstances, the criminal would escape or the crime be committed before the officer could make affidavit and obtain a warrant. For instance, if the officers had (915) information, which was reliable, that one was carrying a concealed weapon, or was on his way to commit an assault with it, surely it would be their duty to arrest the offender though our statute and our decisions require that in such case they should at once take him before a judicial officer and procure a warrant and institute a judicial investigation.
In S. v. Grant, 76 Mo. 236, quoted in the note to Cyc., supra, where a person had stolen butter from an express office, and had carried it several hundred yards when apprehended, the Court held that the larceny might be considered as still continuing so as to authorize his arrest by a police officer. Such arrest is valid, if there was reasonable ground for the action of the officer. To this effect are many cases cited in the notes to 3 Cyc. 887. Among them, Ex parte Morrill, 35 F. 267, where it is said: "At common law, a peace officer might arrest, without warrant, on reasonable grounds of suspicion; if the facts and circumstances which furnish such grounds of suspicion amount to probable cause under the Constitution, which is such cause as will constitute a defense to an action for false imprisonment or malicious prosecutions." This seems to us a clear definition of the duties and liability of an officer to arrest under circumstances such as in this case, though of course under our statute it is the duty of the officer at once to take the prisoner to a judicial officer to procure a warrant, and investigation. C.S. 4548.
In O'Connor v. Bucklin, 59 N.H. 589, the general rule is thus stated: "An officer, having in his legal custody a prisoner arrested for violation of the criminal law, may make such sufficient search *Page 981 
of his person to ascertain if he has money or other articles of value, by means of which, if left in his possession, he might obtain tools, implements, or weapons with which to effect his escape. If such are found, the officer may take and hold them until they can be safely returned, or otherwise properly disposed of, if in good faith he believes such course necessary for his own, or the public safety, or the safe keeping of the prisoner." It is further held in that case that an officer, without warrant, may in good faith and for proper purpose make an arrest upon such acts as show a reasonable ground therefor.
The Eighteenth Amendment to the U.S. Constitution and the Federal statutes for the better execution thereof have not repealed the State prohibition legislation except where the latter conflicts with the former. The State legislation, if it is merely more general or more effective than the Federal provisions, is in nowise restricted thereby. The Eighteenth Amendment itself provides that "Congress and the several states shall have concurrent power to enforce this article by appropriate legislation." This gives to the states power to enact legislation to aid even in the enforcement of the Eighteenth Amendment. But it does not restrict the power of the states to make their own police regulations against intoxicating (916) liquors more extensive and of broader scope than the Eighteenth Amendment.
This Court has held to the above purport in S. v. Fore, 180 N.C. 744, and we can add nothing thereto. In S. v. Muse, 181 N.C. 506, at last term, the Court held that "A State statute, in furtherance of and not in conflict with the Federal Prohibition Law, may be declared a valid exercise of the police power of the State, expressly sanctioned by the Eighteenth Amendment to the U.S. Constitution."
There was no search or seizure in this case, and we have discussed the rules applicable, only in view of the motions made by the defendant. If the "John Doe warrant" was illegal, which we are not called upon to consider, as it is not set out or described, the defendant was arrested without warrant, but the officers complied with the requirement of the statute, which is as follows: "C.S. 4548. Procedure on arrest without warrant. Every person arrested without warrant shall be either immediately taken before some magistrate, having jurisdiction to issue a warrant in the case, or else committed to the county prison, and as soon as may be, taken before such magistrate, who, on proper proof, shall issue a warrant and thereon proceed to act as may be required by law."
The motion for nonsuit requires no discussion. The indictment was in five counts. The defendant was convicted on the fourth count for keeping in his possession intoxicating liquors for sale. The court *Page 982 
charged the jury that the provision in the statute making the possession of more than a gallon of liquor prima facie evidence had no application in this case because the evidence tended to show that the defendant had in his possession not exceeding 5 pints of liquor, but if the jury found beyond a reasonable doubt that the defendant had any quantity of intoxicating liquor in his possession for the purpose of sale to return a verdict of guilty, but if they did not so find the verdict should be not guilty.
There are five other cases at this term, all from Buncombe, upon similar facts, as to which a per curiam opinion affirming the judgment has been entered in accordance with this opinion.
No error.
HOKE and STACY, JJ., concur in result; ADAMS, J., did not sit.
Cited: S. v. Simmons, 183 N.C. 685; S. v. Baker, 184 N.C. 753; S. v.Godette, 188 N.C. 502; S. v. Jenkins, 195 N.C. 749; S. v. Hickey,198 N.C. 48; S. v. Riddle, 205 N.C. 594; Perry v. Hurdle, 229 N.C. 220;Alexander v. Lindsey, 230 N.C. 669; S. v. Harper, 236 N.C. 373; S. v.Mobley, 240 N.C. 487.
(917)