STATE OF NORTH CAROLINA v. RAYMOND EDWARD BARBOUR

No. 7515SC479

(Filed 7 January 1976)

1. **Homicide § 21— death by shooting — first degree murder — sufficiency of evidence**

   Evidence was sufficient to be submitted to the jury in a prosecution for first degree murder where such evidence tended to show that defendant, his victim and a companion were together in an automobile, the victim left the automobile whereupon defendant threatened the companion's life with a gun, the victim returned to the car and carried on a conversation with defendant, the victim left the car again, defendant got out of the car and told the victim to stop, the victim continued walking away, defendant shot the victim in his back, and the victim died a few minutes later.

**2. Criminal Law § 128— bloody shirt shown to jury — mistrial motion denied**

The trial court in a first degree murder prosecution did not err in failing to grant defendant's motion for a mistrial when the prosecuting attorney, in close proximity to the jury, removed from a plastic bag a foul smelling bloody shirt allegedly worn by the victim at the time he was shot.

**3. Arrest and Bail § 1— arrest by private citizen — felony in citizen's presence required**

The trial court in a prosecution for first degree murder did not err in failing to instruct the jury on the law with respect to citizen's arrest, former G.S. 15-40, since, in order to have the protection of the statute, defendant had to show that his victim *actually* committed a felony in his presence, not merely that defendant had reasonable ground to believe his victim was committing a felony, and this defendant failed to show.

**4. Arrest and Bail § 2— defendant acting as law enforcement officer — reasonable belief**

The trial court in a first degree murder prosecution did not err in failing to instruct the jury on the law arising from defendant's evidence that he believed he was acting as a law enforcement officer, since even if a letter from the Chief of Police of the Town of Graham provided defendant with reason to believe he had authority to act as a police officer in that town, he had no reason to believe that his authority would extend to the City of Burlington where the shooting occurred.

**5. Homicide § 24— intentional use of deadly weapon — presumptions — instructions proper**

The trial court in a first degree murder prosecution properly instructed the jury as to the presumption of malice arising from a showing of intentional use of a deadly weapon and death resulting therefrom.

APPEAL by defendant from *Tillery, Judge*. Judgment entered 12 January 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 24 September 1975.

In a bill of indictment proper in form, defendant was charged with the murder of William Samuel Abner (Abner) on 13 June 1974. He was placed on trial for murder in the first degree and pled not guilty.

Evidence presented by the State is summarized in pertinent part as follows:

Defendant and Abner were friends and business associates. On the night in question, Abner and J. B. McDonald went to defendant's home. After a brief stay, the three of them, in a

car driven by Abner, went to a steak house, located some nine or ten miles from defendant's home. Finding the steak house closed, they drove to Burlington to get something to eat and parked the car on the street near Zack's Restaurant. During the time they had been together, the three had consumed various quantities of intoxicants. Abner got out of the car and went into the restaurant, leaving defendant and McDonald in the car. Defendant produced a .38 caliber pistol, placed the barrel to McDonald's head, and stated, "I am going to kill you." After a brief conversation, defendant instructed McDonald to lie down in the backseat of the car, which he did. Abner returned to the car and, while he and defendant were engaged in a conversation, McDonald slipped out of the car and went into the restaurant. Abner left the car again and started walking back toward the restaurant. Defendant got out of the car, told Abner to stop, and asked if he was coming back. Abner continued walking toward the restaurant, whereupon defendant took aim with his pistol and shot Abner in his back. Abner staggered on into the restaurant where he died a few minutes later from gunshot wounds.

Evidence presented by defendant is summarized in pertinent part as follows:

Although defendant and Abner had been friends for several years, defendant began to suspect that Abner was involved in the drug traffic. Defendant had been given a letter from the Chief of Police of Graham, N. C., authorizing him to carry a weapon and to act as an undercover police officer. Prior to seeing Abner that night, defendant had attempted to arrange a drug transaction with Abner with the view of consummating the transaction and arresting Abner. When they went to the restaurant in Burlington, defendant thought Abner had drugs in his possession. After Abner first went into the restaurant and returned to the car, he displayed a quantity of pills to defendant. Defendant tried to grab the pills but Abner jerked the bottle away and invited defendant to accompany him into the restaurant to get a hot dog. At that point, defendant told Abner that he was under arrest. Abner laughed, turned, and started walking toward the restaurant. Defendant told Abner to stop but he continued to walk on toward the restaurant. Whereupon, defendant took his pistol from his pocket, cocked it, and prepared to fire a warning shot into the air. As defendant moved to avoid firing into an overhanging awning, he

slipped, his hands struck the open door of the automobile, and the gun accidentally discharged.

The jury found defendant guilty of murder in the second degree and from judgment imposing prison sentence of not less than 35 nor more than 40 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Fred Darlington III, Felix B. Clayton and Thomas B. Anderson, Jr., for defendant appellant.*

BRITT, Judge.

[1]  Defendant assigns as error the denial of his timely made motions to dismiss all charges, particularly his motion to dismiss as to first-degree murder. The assignments have no merit.

Murder in the first degree is the unlawful killing of a human being with malice, premeditation and deliberation. *State v. Moore*, 275 N.C. 198, 166 S.E. 2d 652 (1969). When the State satisfies the jury beyond a reasonable doubt that the defendant intentionally shot the deceased with a pistol, thereby proximately causing his death, there arise the presumptions that the killing was (1) unlawful and (2) with malice, constituting the offense of murder in the second degree. *State v. Propst*, 274 N.C. 62, 161 S.E. 2d 560 (1968). While the State must prove premeditation and deliberation, ordinarily it is not possible to prove these elements directly. Among the circumstances to be considered in determining whether a killing was with premeditation and deliberation are want of provocation on the part of the deceased, the conduct of defendant before and after the killing, and the use of grossly excessive force. *State v. Britt,* 285 N.C. 256, 204 S.E. 2d 817 (1974). No fixed length of time is required for the mental processes of premeditation and deliberation constituting an element of first-degree murder. *State v. Perry*, 276 N.C. 339, 172 S.E. 2d 541 (1970).

Clearly, the evidence presented by the State was sufficient to show defendant intentionally shot Abner with a pistol, and that within minutes Abner died from wounds inflicted by the bullet, thereby raising the presumptions that the killing was unlawful and with malice. We think the showing of want of provocation on the part of Abner, the conduct of defendant before the shooting and particularly his threat to kill McDonald

and his taking careful aim at Abner, together with the use of grossly excessive force, warranted the trial court in submitting the case on first-degree murder.

[2]   Defendant assigns as error the failure of the court to grant his motion for a mistrial when the prosecuting attorney, in close proximity to the jury, removed from a plastic bag a foul smelling bloody shirt allegedly worn by Abner at the time he was shot. This assignment has no merit. To allow the motion was within the sound discretion of the trial judge. We perceive no abuse of this discretion. 3 Strong, N. C. Index 2d, Criminal Law § 128.

Defendant assigns as error the failure of the court to instruct the jury as requested by him on the law with respect to citizen's arrest and on the law arising from defendant's evidence that he believed he was acting as a law enforcement officer. These assignments have no merit.

[3]   At the time of the alleged offense, the following statute, former G.S. 15-40, which has been repealed, was in effect: "Every person in whose presence a felony has been committed may arrest the person whom he knows or has reasonable ground to believe to be guilty of such offense . . . . " Defendant argues that the statute gave him the right as a citizen to arrest Abner whom he had reasonable ground to believe was committing a felony—possessing narcotic drugs—and that it was a question for the jury whether defendant acted reasonably. We reject this argument.

In *State v. Mobley,* 240 N.C. 476, 481, 83 S.E. 2d 100, 103 (1954), we find:

> "G.S. 15-40 (Subchapter 1, Section 6 of the Act of 1869) authorizes private persons to make arrests in certain felony cases. By the terms of this statute, when a felony actually has been committed in the presence of a private person, he may forthwith arrest without warrant (1) the person he knows to be guilty, or (2) the person he has reasonable ground to believe to be guilty. It is noted that this statute confers on a private citizen the right of arrest only when a felony is actually committed in his presence. Thus, if it turns out that the supposed offense is not a felony, then the arresting private citizen may not under the terms of the statute justify taking the suspect into custody. . . . "

For defendant to have had the protection of the above quoted statute, he had to show that Abner *actually* committed a felony in his presence, not merely that he had reasonable ground to believe Abner was committing a felony. This defendant failed to show.

[4] Defendant's contention that he believed he was acting as a police officer is not persuasive. Assuming, *arguendo,* that the letter from the Chief of Police of the Town of Graham provided defendant with reason to believe he had authority to act as a police officer in that town, he had no reason to believe that his authority would extend to the City of Burlington. *See Martin v. Houck,* 141 N.C. 317, 54 S.E. 291 (1906) ; *State v. Campbell,* 107 N.C. 948, 12 S.E. 441 (1890).

[5] Defendant assigns as errors portions of the jury charge relating to presumptions of malice arising from a showing of intentional use of a deadly weapon and death resulting therefrom. By Exception 139, he excepts to instructions shifting the burden to defendant to show no malice after the State had shown intentional shooting with a pistol and death resulting therefrom. We find no merit in these assignments unless the instructions challenged by Exception 139 are invalid under *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975).

In *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975), our State Supreme Court held that the ruling in *Mullaney* does not apply to the presumption of malice that arises when the State proves beyond a reasonable doubt that the accused intentionally inflicted a wound with a deadly weapon proximately causing death. *See also, State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575, (1975), holding that *Mullaney* will not be given retroactive effect in North Carolina and will apply only to trials conducted on or after 9 June 1975.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief and find them likewise to be without merit.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and CLARK concur.