HeNDERsoN, Judge,
 

 delivered the opinion of the Court:
 

 The powers and duties of Constables are co-extensive with the limits of the County within which they are appointed. It was not the intention of the Legislature, by Using the word
 
 “
 
 district” in the 7 th section of the act of 1741, pointing out the manner of filling the vacancies which might happen in the recess of the County Court, to restrict the powers or duties of Constables to any section or part of the County, but only to have filled up a chasm in that part of the County where the vacancy happened
 
 ;
 
 and the term
 
 district
 
 was here used upon a presumption that in
 
 *148
 
 making the appointment, the Court would consult public convenience, by interspersing- the Constables throughout every part of the County, having the power to appoint as many as the Court should think necessary.
 

 The English authorities cited in the argument have no bearing on this
 
 case;
 
 for they relate to local jurisdictions, and where the Constable or other officer is constituted for each prosecution. But were it otherwise, they could not apply to our Constables, whose appointment is provided for in our laws for a territory not subdivided into smaller judicial districts; hut where a writ, warrant, or other process runs throughout, if it run in any part. But in this case, the Defendant is sued upon his bond, and in this action he is not otherwise liable than upon his bond, the words of which are, that he shall discharge his duty as Constable within the district of Newhern. If the breach assigned were that he did not discharge his
 
 duty generally,
 
 there would he a variance between the bond and the breach: If, that he did not discharge his duty
 
 'within the district of
 
 JYewbern, the evidence, does not support the breach. But there can be no doubt, that upon a bond drawn agreeably to law, the Defendant would have been liable: and that he is liable in an action on the case for breach of duty any where in the County of Craven.