The bond contained the usual conditions, and was executed by Jesse L. Doxey as principal, and the other defendants as sureties, at February Term, 1857, of Currituck County Court.
On 28 March following, the defendant Doxey gave the following receipt:
Received of Sarah Dunton three notes on David Dunton's and Alexander Dunton's estates.
1. A note for the sum of $39.90, with interest from 7 March, 1855.
2. A note for the sum of $34.59, with interest from 18 August, 1852.
3. A note for the sum of $36, with interest from 20 May, 1849.
The above notes are put into my hands to be collected or returned. This 28 March, 1857. JESSE L. DOXEY.
The evidence was that Doxey collected all the claims thus put into his hands, and that the money was demanded of him within the official year, but no part paid, the constable replying to the demand that he had no money, and that his official bond made it as secure as he could make it.
It was also in proof that one of the debtors lived, at the date of this receipt, and continued to live through the official year, out of the State.
Defendant's counsel contended that relator could not recover upon the bond as to any of the claims put into the constable's (223) hands, because they were not received officially, so as to charge the sureties, there being no addition to the constable's name in the receipt; and especially was this the case as to the claim against ___, who resided out of the county, in the State of Virginia.
But the court was of opinion that, upon the proofs and the fact of the defendant's acting as a constable, there was a presumption that the claims were received by the constable in his official capacity, and that *Page 174 
the relator might recover all the claims upon the breach alleged of collection and nonpayment on demand, as well that against the nonresident as the other two.
There was a verdict accordingly. Judgment. Appeal by defendants.
We perceive no error in the judgment of the court below.
Where claims subject to the jurisdiction of a single justice are placed in the hands of a constable for collection, and he gives an accountable receipt for them, the presumption is they are committed to him as an officer, and he is accountable as an officer, unless it appear that he received them in some other capacity. It would have added no force to this presumption if, as is most usual, the officer had added to his name the usual initial letter of his office.
The other branch of the exception, that the officer was not officially charged with the collection of the note against the nonresident debtor, is likewise untenable. Although not at liberty to go beyond the limits of his county, and not responsible, of course, for failure to do so, yet if the debtor be in his county, so that he may collect, and the claim is of an amount and nature subject to be collected by a warrant (224) before a justice, the constable is officially bound to collect, and is, in the same way, responsible for the money when collected.
There is a class of cases in which it seems to be established as a principle that the constable is not chargeable in his official capacity for claims to collect which were out of the jurisdiction of a justice, either on account of the amount or character of the demand. Such claims could not be collected by him through any official action, and it could not, therefore, be in the contemplation of the obligors to the bond, the sureties, to become responsible for misconduct in regard to such matters. But with respect to all claims of an amount and nature to be collected through a justice's judgment, and which might be collected within the limits of the county for which the constable is appointed, it would be different.
It is not a question of domicile, but is a question whether the officer, acting within the sphere of his official duty as prescribed by law, and exercising the proper degree of diligence, might have collected. The cases to which we refer are Blythe v. Outland, 33 N.C. 134, and others there cited, which, we think, were decided on correct grounds, and are entirely consistent with the ruling of the case now before us.
Dave v. Morris, 7 N.C. 146, to which our attention has been directed, turned upon the peculiar but erroneous conditions of the bond, which *Page 175 
were for the performance of the constable's duties within a particular district of the county; and there was no breach alleged, or, if alleged, proved, within that district. It therefore stands upon a different ground from the one now under consideration.
PER CURIAM. Affirmed.
Cited: Graham v. Buchanan, 60 N.C. 95.
(225)