## STATE v. W. M. JAMES.

*Indictment--False Imprisonment--Constable--Verbal Order of Justice*

1. On the trial of an indictment for false imprisonment, where it appeared that the defendant, who was a constable, had arrested the prosecutor under a warrant issued by a Justice of the Peace, and under the verbal order of the Justice had put him in jail, where he remained until the succeeding day when he was brought out, and under another warrant regularly committed ; *It was held,* that the defendant was properly convicted.

2. A verbal order of a Justice of the Peace sending a prisoner to jail, whether made before or after the examination on the warrant, is not a sufficient authority for the officer to whom the order is given.

(*State* v. *Dean,* 3 Jones 393 ; *State* v. *Parker,* 75 N. C. 249, cited and approved.)

INDICTMENT for False Imprisonment tried at Fall Term, 1877, of McDOWELL Superior Court, before *Schenck, J.*

Michael Geary, the prosecuting witness, testified that the defendant (a Constable) arrested him; that he asked for his authority, but defendant declined to show him any warrant; that he asked for the accuser, but no one was given; that defendant put him in jail and kept him there all night; and that on the next day he was taken out, and an investigation had before J. A. Scott, a Justice of the Peace.

Scott, the Justice, was then introduced by the defendant, and testified that without any written affidavit but upon verbal information he issued a warrant charging the said Geary with the offence of bigamy; that the defendant arrested Geary by virtue of this warrant and put him in jail under his (Scott's) verbal order; that there was no trial, no witnesses, and no mittimus; and that Geary remained in jail until the next day, when he was brought out and a regular warrant issued on affidavit, and that he was then regularly committed.

His Honor being of opinion that the imprisonment on the day before the trial was illegal, instructed the jury to render a verdict of guilty, and sentenced the defendant to pay a fine of $50, and the defendant appealed.

*Attorney General*, for the State.
*Messrs Busbee & Busbee* and *J. W. Hinsdale*, for the defendant.

FAIRCLOTH, J. In Bat. Rev. ch. 33, will be found well nigh our whole statute law in criminal proceedings before a Justice of the Peace. There is no doubt that any peace officer or private citizen may arrest and detain any person to prevent a breach of the peace, or to suppress any breach of the peace actually taking place in his presence, without any warrant to do so. And it is equally clear that such officer or private person may, by virtue of his office and duty, lodge his prisoner in the common jail, or resort to other modes of confinement, if the emergency of the occasion requires it; for instance, if an escape is attempted, or a rescue is threatened, or if the prisoner is exposed to violence from a mob, &c. In such like cases it is the duty of the officer to secure his prisoner. These are plain duties, and the authority does not depend on any warrant or order of a judicial officer, but is found in the written and unwritten law of the land. But let it be observed that in all such instances, nothing but the necessity of the occasion will protect the officer or individual from the charge of trespass, and consequently of indictment. When, however, the offence is past and a warrant or other proper process is issued and comes to the hands of an officer, and he has made the arrest, he must proceed then according to the import of the warrant. It alone constitutes his authority, and he must observe its mandates strictly. The warrant must under § 11 of said chapter command him, as it does in the

present case, to arrest the accused forthwith, and by § 20, bring him, when no other provision is made, before the Justice who issued the warrant, or if he be absent or from any cause unable to try the case, before the nearest Justice in the same County, who shall proceed, (§ 21) as soon as may be, to examine the complaint and the witnesses, &c., and discharge, bail, or commit the prisoner according to law; all of which must be in writing, § 40.

In the case before us, the defendant under a warrant issued upon information, arrested one Geary "and put him in jail under the *verbal* 'order" of the Justice who issued the warrant, where he remained until next day, when his counsel had him brought out and a regular warrant issued on affidavit, &c. The case states "there was no trial, and no witnesses and no mittimus," when or before he was put in jail by the defendant.

The case is briefly stated, and it does not clearly appear whether the defendant returned his prisoner before the Justice as he was commanded to do, or not; and if he did, and the Justice for any cause was unable to hear the case, it does not appear that the defendant attempted to carry him before the next nearest Justice in the County, but that he put him in jail on said verbal order. Under these circumstances we agree with His Honor in ruling that the defendant is guilty of the charge of false imprisonment. The record shows nothing on this occasion to justify imprisonment on the ground of necessity for any purpose. It is of course true that after arrest the officer may detain the prisoner until a convenient hour for trial, or for other reasonable cause; for when he has brought him before the Justice, he is in law still in his custody until a discharge, or bail is granted, or an actual commitment to jail by a warrant of the Justice. We think a verbal order of the Justice sending the prisoner to jail is no sufficient authority for the Constable, whether made before or after the examination.

It fails to satisfy the statute (§ 40) if made after, and if made before, it is important that it be in writing, showing the reason for the commitment. It then protects the officer and the jailor, and shows the truth of the matter on a subsequent inquiry by *habeas corpus* or otherwise. We find no direct authority for this position, at least, the authorities are unsatisfactory, but we find early English statutes allowing ministerial officers to commit to jail, but we have none such which have come to our attention: It was held in *State* v. *Dean*, 3 Jones, 393, that authority to convey a prisoner to jail cannot be given by a Justice of the Peace by *parol* to one who was not a regular officer; and in *State* v. *Parker*, 75 N. C. 249, it was held that a town Constable could not arrest and imprison for a breach of a town ordinance.

No error.

PER CURIAM.                                   Judgment affirmed.