STATE v JOHN T. FREEMAN.

*Towns and Cities—Police officer may arrest without warrant.*

1. A police officer may arrest without warrant for violation of municipal ordinances, committed in his presence; but the offender must be taken before the mayor as soon as practicable, a warrant obtained and trial had.

2. If the arrest be made at a time and under such circumstances, as that a trial cannot be had without delay, the officer may keep the offender in custody—commit him to jail or the "lock-up"—but if the officer be guilty of a gross abuse of authority, he is liable to indictment.

(*State* v. *Waller*, 3 Mur., 229; *State* v. *Stalcup*, 2 Ired., 30; *State* v. *Parker*, 75 N. C., 249; *State* v. *James*, 78 N. C., 455, cited, distinguished and approved.)

INDICTMENT for an assault and false imprisonment, tried at Fall Term, 1881, of HENDERSON Superior Court, before *McKoy, J.*

The evidence on the part of the state was that the prosecutor, King, between the hours of ten and eleven o'clock at night, on the day of the alleged assault, was found by the defendant lying in a state of helpless intoxication on the side-walk in a street of the town of Hendersonville, with his head on the step of the post office. On that night there was an exhibition in the court-house, and persons returning to their homes from the court-house along the street had to walk around the prosecutor; that defendant with the assistance of others took him up and carried him to the calaboose, and placed two blankets upon the floor, and laid him on them. During the night, the prosecutor awoke, thirsty, and called for water, which was furnished him by some one passing by, and at seven o'clock the next morning, the defendant informed the mayor of the arrest, who issued a warrant for the prosecutor to the defendant, (the marshal of the town,) who served it upon him and carried him before the

mayor by whom he was tried and convicted of a violation of ordinance No. 12 of the town.

The ordinance is as follows : "That to be found in a helpless state of intoxication, or to be drunk and disorderly within the corporate limits of the town of Hendersonville, is declared a nuisance, and any person who may be guilty of such offence shall upon conviction thereof by the mayor forfeit and pay a fine not to exceed ten dollars, or be imprisoned in the 'lock-up' of said town for not more than five days, or both, at the discretion of the mayor."

The defendant and King were friendly, and during the day preceding the arrest at night, he advised King, who was then intoxicated, to go to his son's house in town or to the hotel, and offered to assist him.

Upon the evidence the defendant's counsel asked the court to charge the jury that the defendant was not guilty, which was declined, and the jury were instructed that if the defendant arrested the prosecutor without process for a violation of a town ordinance in being helplessly drunk and lying on the street, and when there was no danger of an escape, and when no breach of the peace was being made, or any threatened breach of the peace, and carried him to the calaboose and shut him up during the night, when the mayor was within a few hundred yards of the place of arrest, instead of carrying him before the mayor, the defendant would be guilty. Verdict of guilty, judgment, appeal by the defendant.

*Attorney General,* for the State.
No counsel for the defendant.

ASHE, J.  The defendant is the police officer of the incorporated town of Hendersonville. Such an officer was unknown to the common law. He is the creature of a statute, and such an officer has and can only exercise such powers

as he is authorized to do by the legislature, expressly or derivatively. By the 23d section of chapter 111 of Battle's Revisal, it is provided that the town constable, as a peace officer, shall have within the town all the powers of a constable in the county ; and as a ministerial officer, he shall have the same power as a constable in the county to execute all process that may be issued by the mayor, and to enforce the ordinances and regulations of the commissioners, as they may direct.

What then are the powers of a constable in the county ? In executing warrants and other process issued by justices of the peace, he is a ministerial officer ; in the apprehension of those who violate the law, he is a conservator of the peace. By the original and inherent power he possesses, he may, for treason, felony, breach of the peace, and some misdemeanors less than a felony committed in his view, apprehend the supposed offenders *virtute officii*, without any warrant. Chitty Cr. Law, 19. He may arrest without warrant for affrays, riots and breaches of the peace, and for violent and disorderly acts and threats, committed in his presence ; he may arrest one in the act of exhibiting publicly an obscene picture, or of exposing his naked body, or of committing like offences against decency and morality. 1 Arch. Cr. Pl., 26, note 2. These last mentioned offences are nuisances, and drunkenness falls within the same category. If he may be apprehended without warrant for these when committed in the presence of the officer, we can see no reason why he may not *upon view* be arrested for public drunkenness ; for when open and exposed to public view, it becomes a nuisance and an indictable offence. *State* v. *Waller,* 3 Mur., 229.

Holding that a person may be arrested for drunkenness upon view, when it is a public nuisance, the question occurs, what is the officer to do with the offender when he shall have been arrested without warrant. All the authori-

ties agree that he should be carried, as soon as conveniently may be, before some justice of the peace. And if he is arrested at a time and under such circumstances as he cannot be carried immediately before a justice, the officer may keep him in custody, commit him to jail or the lock-up, or even tie him, according to the nature of the offence and the necessity of the case. Arch. Cr. Pl., 27 ; 2 ch. 13, § 7; Dillon Mun. Corp., 271; *State* v. *Stalcup,* 2 Ired., 30. In this latter case where the prisoner was tied, it was held the officer was the judge of the *necessity,* but if he be guilty of a gross abuse of his authority, and do not act honestly according to his sense of right, but under pretext of duty is gratifying his malice, he is liable to indictment. The jury must judge of his motive from the facts submitted to them.

In our case there was no gross abuse of official authority, and it appears the officer acted honestly and under no pretext of gratifying his malice, for the evidence discloses the fact, that the defendant and the prosecuror were friendly, and that on the day before the prosecutor was found lying in the street, the defendant had kindly remonstrated with him and advised him to go to his son's, and offered to go with him.

The prosecutor was found lying helplessly intoxicated upon the side-walk near the post office, which is generally a place much frequented, opposing an obstruction to all persons passing and repassing. The officer, as we think was his duty, arrested him. What was he to do with him ? He could not be expected to carry him to his own house, and it would have been a farce to carry him before a justice for trial in his then condition. While it is the duty of a peace officer when he apprehends an offender, whether with a warrant or without one, upon view, as in this case, to carry him at once before a justice or other tribunal having jurisdiction, the law is not unreasonable, and does not require that he should do so at a late and unseasonable hour

of the night; but should do so at an early hour the next morning. That was done in this case. And we are of the opinion the officer did what it was lawful for him to do under the circumstances. The prosecutor was too much intoxicated to be tried, and it was too late for a trial if he had been sober. He carried him to the lock-up and made him as comfortable as the circumstances would admit, and the next morning at seven o'clock carried him before the magistrate of police.

This case is distinguishable from those of *State* v. *Parker*, 75 N. C , 249, and *State* v. *James*, 78 N. C., 455. In the former, the prosecutor was arrested for being intoxicated in violation of a town ordinance and imprisoned, not for safe keeping until he could be tried before a competent tribunal, but he was imprisoned until he became sober, and then released without being carried before a magistrate; and in the latter, the person arrested was committed to jail by the officer, after he had been carried before the justice by virtue of a warrant and tried, without any written mittimus. A magistrate has no right to send a man to prison by a verbal order, and the officer who executes such an order is not protected by it.

There is error. The judgment of the superior court is reversed. Let this be certified.

Error.                                    Reversed.