MELVIN WILLIAMS v. J. MARVIN THOMPSON AND THE NATIONAL CASUALTY COMPANY.

(Filed 18 March, 1931.)

1. **Master and Servant F i—Findings of fact of Industrial Commission are conclusive when supported by evidence.**

   The findings of fact of the Industrial Commission in a hearing before it are conclusive upon appeal when there is sufficient competent evidence to support the award.

2. **Master and Servant F b—Evidence held sufficient to support finding that disease resulted naturally and unavoidably from accident.**

   Evidence in this case that the loss of applicant's vision occasioned by gonorrhea ophthalmia resulted naturally and unavoidably from the dropping of gasoline into his eye as a result of an accident arising out of and in the course of his employment, is held sufficient to sustain the award of the Industrial Commission to that effect under the provisions of the act that a compensable injury shall not include a disease in any form. except where it results naturally and unavoidably from the accident.

3. **Master and Servant F h—Industrial Commission may appoint physician to determine period of disability, the matter being in fieri.**

   Where the Industrial Commission grants an award for partial loss of vision for such time as the applicant's percentage of loss of vision bears to the total of 100 weeks, section 31(t), the said percentage to be determined by a recognized eye specialist to be selected by the Commission, *Held:* the Industrial Commission has the authority under section 63 of the act to appoint a physician for the purpose, the matter being *in fieri* and the defendants being entitled to notice and hearing before final award, the commission having power to modify an award upon change of condition, section 42.

APPEAL by defendants from *Moore, Special Judge,* at February Term, 1931, of WAKE. Affirmed.

This was a claim under the Workmen's Compensation Act in which the claimant sought compensation for an injury resulting from gasoline and oil and other substance getting into his eye. The defendants denied that the injury complained of resulted naturally and unavoidably from the accident arising out of and in the course of employment.

The case came on for hearing and was heard before Commissioner Wilson, and compensation was awarded by Commissioner Wilson. The case was heard by the full Commission for a review of the findings and award of Commissioner Wilson, and for the purpose of hearing further evidence if found necessary or advisable for the enlightenment of the Commission. The award of Commissioner Wilson was affirmed by the full Commission. Thereupon, the defendants appealed to the Superior Court, and the matter came on for hearing before the Honorable Clayton

Moore, judge presiding over the February Term, 1931, of the Superior Court of Wake County. The Superior Court affirmed the award of the full Commission, and the defendants appealed to the Supreme Court. Notice of appeal was given in open court, and further notice was waived.

It was admitted in open court that the claimant was regularly employed by the defendant, J. Marvin Thompson, at the time of the injury; that the National Casualty Company had insured the compensation liability of employer, J. Marvin Thompson; that the average weekly wage of employee, Melvin Williams, was $16.50; that during the regular employment Melvin Williams got some gas from a carburator in his eye, which irritated his eye; and that there was no default in the notice of this injury or of the hearing.

The judgment of the court below was as follows: "This cause coming on to be heard before his Honor, Clayton Moore, judge holding the February Term, 1931, of Wake Superior Court, upon the appeal by the defendants from the judgment rendered in this cause by the North Carolina Industrial Commission, at Raleigh, N. C., on 23 June, 1930, and being heard, on 12 February, 1931, at chambers in Raleigh, N. C., and the court being of the opinion that there is no error in the opinion and judgment rendered by said Industrial Commission, it is, ordered and adjudged that the judgment rendered by said Industrial Commission be, and it is hereby affirmed."

*R. L. McMillan and C. A. Douglass for plaintiff.*
*Smith & Joyner for defendants.*

CLARKSON, J. The defendants contend: Was there sufficient evidence to sustain the finding of fact by the Industrial Commission that plaintiff's injury, to wit, the loss of vision occasioned by gonorrhea ophthalmia, resulted naturally and unavoidably from the dropping of gasoline into his eye?

Public Laws of North Carolina, 1929, ch. 120, known as the North Carolina Workmen's Compensation Act, sec. 2(f), is as follows: " 'Injury' and 'personal injury' shall mean only injury by accident arising out of, and in the course of, the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

We think there was sufficient competent evidence to sustain the findings. In this and other jurisdictions, dealing with the Workmen's Compensation Act, a humane undertaking, the acts have been liberally interpreted: *Rice v. Panel Co.,* 199 N. C., at p. 157.

In the *Rice case, supra,* at p. 157, we find: "Under section 60 the findings of fact by the Commission shall be conclusive and binding." We

may add that the rulings of law by the Commission are persuasive and ought to have weight on appeal to this Court. *Moore v. State, ante,* 300.

The findings of fact by the Industrial Commission in a hearing before them is conclusive upon appeal when there is sufficient competent evidence to sustain the award. *Southern v. Cotton Mills, ante,* 165.

Under the facts and circumstances of this case we do not think there is reversible error on the question of burden of proof.

Part of the award of the Commission is as follows: "That plaintiff is entitled to 60 per cent of his average weekly wage of $16.50 ($9.90 per week) for such time as his percentage of loss of vision bears to the total of 100 weeks for the partial loss of vision in his left eye, as provided for in section 31, subsection (t), said percentage to be determined by a recognized eye specialist to be named by the Commission."

The defendants object to the following part of the above award "said percentage to be determined by a recognized eye specialist, to be named by the Commission."

Section 63 of the act is as follows: "The Commission or any member thereof may, upon the application of either party, or upon its own motion, appoint a disinterested and duly qualified physician or surgeon to make any necessary medical examination of the employee, and to testify in respect thereto," etc.

By section 46 it is provided in the act, upon change of condition, Commission may modify award. We think this element *in fieri* and before final award defendants would be entitled to notice and hearing. The judgment of the court below is

Affirmed.