### STATE v. DERO CORPENING.

(Filed 27 February, 1935.)

**Constables B a: Arrest B d—Constable's powers and duties are coextensive with the limits of the county within which he is appointed.**

A constable has authority to make an arrest anywhere in the county within which he is appointed, and in a prosecution for resisting arrest, C. S., 4378, a defense that the arrest was made by a constable outside of his township and that therefore defendant did not resist an officer in the performance of his duty is unavailing. C. S., 976; Const., Art. IV, sec. 24.

APPEAL from *Hill, Special Judge,* at May Term, 1934, of FORSYTH. Affirmed.

STATE *v.* CORPENING.

On appeal from the municipal court of Winston-Salem, the defendant was convicted upon a warrant charging him with wilfully and unlawfully resisting a public officer in the discharge of a duty of his office, in violation of C. S., 4378. From judgment pronounced on the verdict, the defendant appealed to the Supreme Court, assigning error.

*James M. Little, Jr., for defendant appellant.*
*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

SCHENCK, J. The prosecuting witness, M. W. Morris, was a constable of Middle Fork Township in Forsyth County and attempted to arrest the defendant Dero Corpening in the city of Winston-Salem, outside of said township but inside of said county. The attempted arrest was made without a warrant for an assault committed in the presence of the constable, and was violently resisted by the defendant.

The defendant states in his brief that he abandons all other exceptions and rests his appeal "on the ground that the constable, being out of his township, did not have power or authority to arrest the defendant, and hence that defendant could not be guilty of resisting an officer in the performance of his duty." The position of the defendant cannot be sustained. "The powers and duties of constables are coextensive with the limits of the county within which they are appointed." *Dade v. Morris,* 7 N. C., 146. See, also, *Dunton v. Doxey,* 52 N. C., 222.

In *Dade's case, supra,* while it was held that the constable was not liable for a breach outside of his district of a bond, "the words of which are that he shall discharge his duty as constable within the district of New Bern," it was said "that he (the constable) is liable in an action on the case for the breach of duty anywhere in the county of Craven." This case was decided in 1819, and C. S., 976, which has been successively brought forward from R. C., c. 24, s. 9, Code, s. 643, and Rev., s. 937, reads as follows: "Constables are hereby invested with and may execute the same power and authority as they have been by law heretofore vested with, and have executed; . . . ."

The intention of those who drafted section 24, Article IV, of the Constitution of North Carolina, when they wrote, "In each township there shall be a constable elected in like manner by the voters thereof, who shall hold his office for two years," was not to restrict the powers and duties of the constables to the township in which they were elected, but to intersperse the constables throughout every part of the county.

Affirmed.