WALTER WILSON, EMPLOYEE, v. TOWN OF MOORESVILLE, EMPLOYER, NEW AMSTERDAM CASUALTY COMPANY, CARRIER.

(Filed 25 November, 1942.)

### 1. Municipal Corporations § 11c—

A police officer, unknown to the common law, is a creature of statute, and as such has and can only exercise the powers given him by the Legislature, expressly or derivatively.

### 2. Same—

When city or town authorities appoint one to the office of policeman, and he accepts the appointment, the existing laws pertaining to the position enter into and become a part of the relationship thus established.

### 3. Same—

A municipality may give to one policeman the rank of chief over others, but it has no authority to enlarge or restrict the powers and duties conferred upon such officers by the Legislature; and the chief has no greater power than any other policeman, and custom can add nothing to his authority.

### 4. Same: Sheriffs § 4—

In the absence of statutory authority, the power of a sheriff or other peace officer is limited to his own county, township, or municipality, and he cannot without a warrant make an arrest out of his own county, township or municipality, where the person to be arrested is charged with the commission of a misdemeanor—beyond such limits his right to arrest is no greater than that of a private citizen. "Felon fleeing," "hue and cry" and "hot pursuit" discussed.

### 5. Master and Servant §§ 40e, 40f—

Where a policeman, in an effort to arrest without warrant a person who has in his presence committed an offense less than a felony, pursues such person beyond the boundaries of the town or district in which by statute he is authorized to act and, in such pursuit, is injured by accident outside of such boundaries: *Held* that injuries so suffered do not arise out of and in the course of his employment within the meaning of the N. C. Workmen's Compensation Act. The meaning of "arising out of" and "in the course of employment," as used by the Act, pointed out.

APPEAL by defendants from *Pless, J.,* at Regular June Term, 1942, of MECKLENBURG.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendants to claimant.

The Commissioner before whom the case was heard, after stating that the sole question in controversy in connection therewith is whether the injury by accident which claimant sustained on 20 July, 1941, arose out

of and in the course of his employment with defendant employer, made findings of fact substantially these:

That claimant, a regular policeman of the town of Mooresville, situated in Iredell County, North Carolina, "while dressed in his policeman's uniform and wearing his badge," and "patrolling a street" in said town "in an automobile furnished by the defendant employer for police work, saw an automobile which was speeding and thereby violating the motor vehicle laws of the State of North Carolina, and the speed laws of the town of Mooresville, N. C., and immediately thereafter turned on the siren in the police car and started in pursuit of the speeding automobile with the purpose of apprehending the driver" thereof; that in pursuing the speeding automobile, it was at all times in plain view of him; that the pursuit had continued for about six miles beyond the city limits of the town of Mooresville and about one-half mile beyond the Iredell County line into Mecklenburg County and through a part of the town of Davidson, in Mecklenburg County, when the car in which he was riding was wrecked, causing injury to claimant; that that part of the pursuit which was in Iredell County was through Coddle Creek and Davidson Townships; that the chief of police of the town of Mooresville, "plaintiff's superior or commanding officer," "had previously instructed claimant and his fellow police officers that they had the right to pursue a party who had violated a State of North Carolina law" in said town, "into adjoining counties to apprehend said law violators, provided . . . the policeman involved was at all times in view of the law violator or was in 'hot pursuit' of him"; and that it has been the long and well established custom for the police officers of said town to so pursue persons, who were seen violating a law in said town, "into adjoining counties if it was necessary to apprehend them, when said police officer was at all times in view of or in 'hot pursuit' of said law violator."

"Upon the detailed circumstances and facts hereinbefore found," the Commissioner, after making findings with regard to statutory authority of policemen of the town of Mooresville to make arrests in Coddle Creek and Davidson Townships in Iredell County, further finds as a fact that the injury by accident which claimant sustained "arose both out of and in the course of his employment" by the defendant town of Mooresville.

Upon such findings of fact the Commissioner concludes as a matter of law that claimant sustained injury by accident arising out of and in the course of his employment, and compensation was awarded.

Upon appeal thereto by defendants, the Full Commission ratified and affirmed and adopted the findings of fact, conclusions of law and award of the hearing Commissioner, all of which on appeal thereto by defendants, was affirmed by Superior Court.

Defendants appeal to Supreme Court and assign error.

*Starr & Starr for plaintiff, appellee.*
*J. Laurence Jones for defendants, appellants.*

WINBORNE, J.   These are the questions for decision:

1. Where policeman, in effort to apprehend and arrest without warrant a person who has within the town and in his presence committed a breach of peace, or an offense less than a felony for which arrest may be so made, pursues such person to and beyond the boundaries of the town or district within which by statute he is authorized to act, and while pursuing such person outside such boundaries suffers injury by accident, does such injury arise out of and in the course of his employment as policeman of such town within the meaning of the North Carolina Workmen's Compensation Act?

2. If not, does the fact that the chief of police and superior officer instructed the policeman that he had a right to so pursue such person when in sight of and in "hot pursuit" of him, or the fact that it was customary for police officers of the town in an effort to effect arrest, without warrant, to so pursue such person under such circumstances, alter the situation? ·

Though conceding that a policeman, while within the town, by virtue of office, has authority, without warrant, to arrest a person for breach of the peace or an offense less than a felony for which arrest may be so made, committed in his presence—each of these questions is properly answered "No."

Under the North Carolina Workmen's Compensation Act, Public Laws 1929, chapter 120, as amended, the condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment. *Conrad v. Foundry Co.,* 198 N. C., 723, 153 S. E., 266; *Whitley v. Highway Com.,* 201 N. C., 539, 160 S. E., 827; *Beavers v. Power Co.,* 205 N. C., 34, 169 S. E., 825; *Plemmons v. White's Service, Inc.,* 213 N. C., 148, 195 S. E., 370; *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356, 196 S. E., 312.

The words "out of" refer to the origin or cause of the accident, and the words "in the course" to the time, place and circumstances under which it occurred. *Conrad v. Foundry Co., supra; Harden v. Furniture Co.,* 199 N. C., 733, 155 S. E., 728; *Hunt v. State,* 201 N. C., 707, 161 S. E., 203; *Ridout v. Rose's Stores, Inc.,* 205 N. C., 423, 171 S. E., 642; *Plemmons v. White's Service, Inc., supra; Lockey v. Cohen, Goldman & Co., supra.*

It has been said that the term "arising out of employment" is broad and comprehensive and perhaps not capable of precise definition. It must be interpreted in the light of the facts and circumstances of each

case, and there must be some causal connection between the injury and the employment. *Chambers v. Oil Co.,* 199 N. C., 28, 153 S. E., 594; *Harden v. Furniture Co., supra; Canter v. Board of Education,* 201 N. C., 836, 160 S. E., 924; *Walker v. Wilkins, Inc.,* 212 N. C., 627, 194 S. E., 89; *Plemmons v. White's Service, Inc., supra.*

"Arising out of," as said by *Adams, J.,* in *Hunt v. State, supra,* "means arising out of the work the employee is to do or out of the services he is to perform. The risk must be incidental to the employment." *Harden v. Furniture Co., supra; Chambers v. Oil Co., supra; Beavers v. Power Co., supra; Bain v. Mfg. Co.,* 203 N. C., 466, 166 S. E., 301; *Plemmons v. White's Service, Inc., supra.*

In the light of these principles, what services was claimant to perform, and what work was he to do under his appointment as policeman of the town of Mooresville? The statutory law affords the answer. A police officer, unknown to the common law, is a creature of statute, and as such has and can only exercise such powers as are given by the Legislature, expressly or derivatively. *S. v. Freeman,* 86 N. C., 683; *Martin v. Houck,* 141 N. C., 317, 54 S. E., 291.

In this State statutory power, applicable to all incorporated cities and towns, where same shall not be inconsistent with special acts of incorporation or special laws in reference thereto, C. S., 2625, is given to the boards of commissioners or aldermen or other governing municipal authority, to appoint town watch or police, C. S., 2641, and "a town constable." C. S., 2630. See *Riddle v. Ledbetter,* 216 N. C., 491, 5 S. E. (2d), 542. And the powers and duties of policemen and the territorial limits within which such powers and duties may be exercised are prescribed by statute. Thus, when the board of commissioners or aldermen of the town of Mooresville appointed claimant to office of policeman, and when he accepted the appointment, the existing laws pertaining to the position entered into and became a part of the relationship thus established, see *Bank v. Bryson City,* 213 N. C., 165, 195 S. E., 398, and cases cited; also *Wilkinson v. Boomer,* 217 N. C., 217, 7 S. E. (2d), 491; *McGuinn v. High Point,* 217 N. C., 449, 8 S. E. (2d), 462; *Motsinger v. Perryman,* 218 N. C., 15, 9 S. E. (2d), 511; *Comrs. v. Gaines,* 221 N. C., 324, 20 S. E. (2d), 377, and fixed the scope of employment.

What then are the statutory powers, and territorial limits upon the power of a policeman of the town of Mooresville, North Carolina, to make an arrest without warrant? It is provided by special statutes (1) "that arrest may be made by the town constable or any policeman of the town in the following cases: first, when he shall have in his hands a warrant duly issued by the mayor of the town or a justice of the peace of Iredell County; or, second, when an offense has been committed in his

presence and when an offense has been committed and the party is likely to escape before a warrant can be obtained"; and that "he shall execute the precepts of the mayor anywhere in the county of Iredell . . .."; Private Laws 1885, chapter 68, section 7, amending the charter of the town of Mooresville; and (2) that "the policemen of Mooresville shall have the same authority to make arrests and to execute criminal process within the territory in which the recorder's court of Mooresville has jurisdiction as is vested by law in a sheriff." Public-Local Laws 1937, chapter 89. And the recorder's court of Mooresville is vested with jurisdiction only over certain criminal offenses committed within the town of Mooresville and within Coddle Creek and Davidson Townships in Iredell County. Public-Local Laws 1913, chapter 613, section 7, as amended by Public-Local Laws 1925, chapter 530, as amended by Public-Local Laws 1927, chapter 682.

Furthermore, there is in this State a general statute, C. S., 2642, applicable to all incorporated cities and towns, where same shall not be inconsistent with special acts of incorporation or special laws in reference thereto, C. S., 2625, which provides that "a policeman shall have the same authority to make arrests and to execute criminal process within the town limits as is vested by law in a sheriff."

At common law justices of the peace, sheriffs, coroners, constables, and watchmen are recognized as peace officers, and as such have the right by virtue of office not only to arrest without warrant where a felony has been committed, but for any offense amounting to a breach of the peace committed in their presence. "Whether a peace officer, acting in his official capacity, has authority to make an arrest within the State, but outside of the county, township, or municipality of which he is peace officer, is dependent on the statutes in the particular jurisdiction." 6 C. J. S., 610, Arrest, section 12 (2). Hence, in the absence of statutory authority, the power of a sheriff or other peace officer is limited to his own county, township, or municipality, and he cannot with or without warrant make an arrest out of his own county, township or municipality, where the person to be arrested is charged with the commission of a misdemeanor. Beyond the limits of his county, township, or municipality his right to arrest for misdemeanor is no greater than that of a private citizen. 4 Am. Jur., pages 13, 14, 35, Arrest, sections 17, 18, 51; 6 C. J. S., 610, Arrest, section 12 (2). Also, a public officer appointed as a conservator of the peace for a particular county, municipality or district, as a general rule has no official power to apprehend a misdemeanant beyond the boundaries of the county, municipality or district for which he has been appointed. 4 Am. Jur., 13, *et seq.* Arrest, section 17, *et seq.* But as to township constables in this State, see C. S., 976, and *S. v. Corpening,* 207 N. C., 805, 178 S. E., 564.

Furthermore, in this State, the right of a sheriff to pursue law violators beyond the boundary lines of his county is limited to cases in which a felony has been committed in his county, and the felon flees. Public Laws 1935, chapter 204, effective 18 April, 1935, carried in Michie's Code of 1939 as section 4544 (1). Moreover, the old common law "hue and cry," as a process of pursuing or of fresh pursuit, applied only in case where a felony had been committed, or dangerous wound inflicted. Blackstone Commentaries, 4 Vol., 292.

If a policeman in this State be considered a counterpart of, and entitled to exercise the powers and perform the duties of a town constable, it is provided by statute, C. S., 2639, that "as a peace officer, the constable shall have within the town all the powers of a constable in the county; and as a ministerial officer, he shall have power to serve all civil and criminal process that may be directed to him by any court within his county, under the same regulations and penalties as prescribed by law in the case of other constables, and to enforce the ordinances and regulations of the board of commissioners as the board may direct . . ." These general provisions are substantially the same as those of the special act to which reference is hereinabove made. Private Laws 1885, chapter 68, section 7.

This Court, in the case of *S. v. Freeman, supra,* speaking of the powers of a constable, referred to in this statute, C. S., 2639, then section 23, chapter 111, of Battle's Revisal, said that a constable "in the apprehension of those who violate the law . . . is a conservator of the peace." In *S. v. Sigman,* 106 N. C., 728, 11 S. E., 520, referring to the same statute, then The Code, 3808 and 3810, and to a special statute, Private Laws 1885, chapter 23, section 24, with similar provisions, applicable to the case then in hand, the decision of this Court in pertinent part is epitomized in this headnote: "The powers conferred upon the city and town constables by sections 3808, 3810, The Code, are limited, in respect to arrests without warrant, to the territory embraced within the corporate boundaries . . ."

Also, the case of *Sossamon v. Cruse,* 133 N. C., 470, 45 S. E., 757, an action for recovery of damage for an assault is in point. There, plaintiff, whom defendant, a policeman of the town of Concord, was attempting to arrest without warrant for an offense committed within the town, escaped and fled beyond the town limit. Defendant pursued him and made the assault, upon which complaint is based, outside the town. The Court referring to The Code, sections 3810 and 3811, now C. S., 2639, held, as reflected in the second headnote, that "A policeman who makes an arrest without a warrant outside the corporate limits of a town for the breach of an ordinance is guilty of an assault." In the opinion it is said: "We do not think, therefore, that the defendant had a right

to pursue the plaintiff beyond the town limits in order to arrest him after he escaped. When the prisoner had escaped from the custody of the officer he certainly had no more power or authority to re-arrest him than he had when the original arrest was made, and his power in the latter case could only be exercised within the town limits."

And, in *Martin v. Houck, supra,* again considering the same statute, then Revisal, section 2939, now C. S., 2639, *Walker, J.,* said: "A policeman, as a peace officer, is given within the town all the powers of a constable in the county . . . His right to arrest when he has no warrant is confined necessarily by the statute to the limits of the town." See also *S. v. Loftin,* 186 N. C., 205, 119 S. E., 209.

Thus it is clear that the position, or office, of policeman of the town of Mooresville, in respect to making arrests, without warrant, is that of a peace officer, whose authority, powers and duties, in the broadest view of the applicable statutes, are confined to the boundaries of the town of Mooresville and the townships of Coddle Creek and Davidson, in Iredell County. His services as such policeman could be lawfully performed only within these territorial limits. The work he was to do as such policeman could only be done within these confines. When he undertook to go outside and into Mecklenburg County to make arrest without warrant for misdemeanor, his going was not incident to his employment. Hence, it follows as a matter of law that the injury by accident which he sustained in the town of Davidson in Mecklenburg County did not arise out of and in the course of his employment.

But it is contended that in view of the fact that the chief of police of the town of Mooresville had instructed claimant and his fellow police officers that they had the right, for purpose of arrest, when in view and in "hot pursuit," to pursue into an adjoining county a person who had violated a State law in said town, and of the fact that it was customary for policemen of said town to so pursue law violators, a liberal construction would extend the provisions of the North Carolina Workmen's Compensation Act to include injuries by accident sustained by a policeman of the town while so pursuing a law violator outside the county of Iredell. We do not so agree.

The statute, C. S., 2641, authorizes the board of commissioners of a town to appoint town watch or police "to be regulated by such rules as the board may prescribe." It makes no reference to rank or distinction among such appointees. Though the town may make rules for their regulation, such policemen as may be appointed are vested with the same powers and duties as peace officers, and are circumscribed by, and are subject to the same limitations upon such powers and duties. And though the town may as among them give to one policeman the rank of chief

over the others, it has no authority to enlarge or to restrict their powers and duties as peace officers conferred upon them by the Legislature.

In 37 Am. Jur., 698, on Municipal Corporations, section 87, it is stated that: "The police department of a municipality derives its authority from the State, and where the municipality is not expressly or impliedly authorized to do so, it can neither enlarge nor restrict the duties of the police department or of its officers and agents as defined by the legislature." And in McQuillin Municipal Corporations, 2nd Ed., Revised Vol. 6, page 520, section 2586 (2426), the author states that, "If the legislature has defined the powers and duties of police officers, greater or inconsistent powers cannot be conferred by ordinance." The chief of police of the town, therefore, has no greater power than any other policeman of the town to make arrest without warrant. Hence, any instruction in regard thereto which he may have given to claimant, could add nothing to and could not take anything from the authority claimant possessed as peace officer of the town.

Furthermore, "it is a well settled general rule that in order that a custom or usage may be regarded as binding, it is essential that it be legal, and that a custom will not be recognized which is contrary to established law." 27 R. C. L., 164, Usages and Customs, section 12.

And, in the case of *Gore v. Lewis,* 109 N. C., 539, 13 S. E., 909, where the plaintiff insisted that a custom of merchants in the city of Wilmington, where he resided and did business as a merchant, warranted the taking of interest in a way that was greater than that allowed by the statute and stipulated for in the notes, this Court said: "This contention is without foundation. Such custom, whatever it may be, cannot supersede or modify the statute."

Hence, while the Workmen's Compensation Act should be liberally construed so as to effectuate the Legislature's intent or purpose which is to be ascertained from the wording of the act, 71 C. J., 341; *Johnson v. Hosiery Co.,* 199 N. C., 38, 153 S. E., 591; *Rice v. Panel Co.,* 199 N. C., 157, 154 S. E., 69; *Reeves v. Parker-Graham-Sexton, Inc.,* 199 N. C., 236, 154 S. E., 66; *Williams v. Thompson,* 200 N. C., 463, 157 S. E., 430; *West v. Fertilizer Co.,* 201 N. C., 556, 160 S. E., 765, "the rule of liberal construction cannot be carried to the point of applying an act to employments not within its stated scope, or not within its intent or purpose." 71 C. J., 359; *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826. "It is ours to construe the laws and not to make them." *Hoke, J.,* in *S. v. Barksdale,* 181 N. C., 621, 107 S. E., 505. The decisions on subject of custom upon which claimant relies are distinguishable from the instant case.

The judgment below is

Reversed.