* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. The parties are subject to the N.C. Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage will be determined by a Form 22.
 * * * * * * * * * * *
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff is 54 years old. Plaintiff began employment with defendant-employer in February 2001. Plaintiff was hired as a cook for the on-site restaurant. Within two months of her hire date, plaintiff's duties were expanded to include waiting tables and serving as a hostess. The restaurant served breakfast and dinner daily.
2. The hotel also hosted banquets and conferences and provided food and beverage for these events. Plaintiff was moved to the position of banquet captain approximately May 2001. Her responsibilities included ensuring that the room was set up for the banquet. She was also responsible for serving the guests and refilling beverages.
3. Plaintiff carried trays in a position over her shoulder height and removed the food with her right hand. The weight of the serving tray would vary depending upon the course of the meal. Salad trays would weigh approximately 10 pounds, while meal trays could weigh up to 20 to 30 pounds.
4. In June 2001, plaintiff began to experience pain in her left shoulder. Despite the pain, plaintiff continued to perform her work duties. The pain did not improve and by August 2001 the pain was constant.
5. Plaintiff reported the pain to Ms. Julie Orsack in approximately October 2001. Plaintiff requested to resign from the banquet captain position as the responsibilities for this position were causing the most pain. Ms. Orsack complied with the request and assigned plaintiff to work in the restaurant as a waitress and cashier.
6. In November 2001, plaintiff reported to work and went to the kitchen to assist with the preparation of dinner foods. Plaintiff had to move pans around to clear a work area. In moving one of the pans, plaintiff developed throbbing pain in her left shoulder that limited her duties to act only as the cashier.
7. The following day, plaintiff was taken to the emergency room by her son. Plaintiff was evaluated by Craven Regional Medical Center on November 20, 2001. She was diagnosed with bursitis and prescribed anti-inflammatory medication. Plaintiff was instructed to follow up with an orthopaedic doctor.
8. Plaintiff reported her injury on or about November 21, 2001 via a telephone conversation with Ms. Orsack.
9. Plaintiff followed up her emergency room visit with treatment from Dr. Barton Arthur in New Bern. Dr. Arthur examined plaintiff on December 3, 2001. Dr. Arthur noted that she had tenderness to her right shoulder and decreased range of motion with possibly some weakness in strength. Dr. Arthur injected plaintiff's shoulder with cortisone and started her on an exercise program for her shoulder.
10. Plaintiff returned to Dr. Arthur on January 14, 2002. She was noted to have slight improvement in her shoulder.
11. Plaintiff filed a Form 18 on January 28, 2002 claiming a June 1, 2001 injury date. The Industrial Commission acknowledged the Form 18 on January 30, 2002.
12. A Form 19 for the June 1, 2001 injury date was filed on February 13, 2002. Plaintiff stated that she provided a recorded statement. The statement was taken on February 20, 2002.
13. Plaintiff returned to Dr. Arthur on February 25, 2002. Dr. Arthur noted that Plaintiff was worse at this visit. She had lost motion in her shoulder. Dr. Arthur prescribed physical therapy.
14. Plaintiff was placed under her son's military health insurance and was able to resume treatment in December 2003 through the Naval Hospital at Cherry Point. Plaintiff initially treated with Dr. de la Pena with the Naval Hospital. He examined plaintiff and found her to have tenderness in her left shoulder with decreased range of motion, especially to abduction and also with internal and external rotation and was tender over the A.C. joint. Dr. de la Pena opined that plaintiff would have restrictions lifting and carrying over 10 pounds with her left arm.
15. Dr. de la Pena ordered an MRI of plaintiff's left shoulder, which revealed that plaintiff had a torn rotator cuff with fluid in the subacromiol subdeltoid bursa. Dr. De la Pena referred plaintiff for an orthopaedic evaluation for possible surgery.
16. Plaintiff retained counsel to represent her in March 2004. A Form 18 was filed on March 15, 2004 for both the June 1, 2001 injury and the November 17, 2001 injury. Two Forms 61 for the June 1, 2001 and November 17, 2001 injury dates were filed on October 7, 2004.
17. Plaintiff underwent surgery on her left rotator cuff in May 2004. She was prescribed physical therapy after the surgery and returned to Dr. De la Pena for follow-up care in August 2004.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
Plaintiff has not proven that she sustained an injury by accident on or about November 17, 2001. Wilson v. Town of Mooresville, 222 N.C. 283,285, 22 S.E.2d 907, 910 (1942).
2. Further, there is no medical evidence to support plaintiff's position that she developed an occupational disease on or about June 2001. Hardin v. Motor Panels, Inc., 136 N.C. App. 351, 354,524 S.E.2d 368, 371 (2000).
3. In addition, plaintiff filed her claim for an alleged injury of November 17, 2001 more than two years after the date of the alleged occurrence. N.C. Gen. Stat. § 97-24(a).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation for a left shoulder injury on November 17, 2001 is HEREBY DISMISSED WITH PREJUDICE.
2. Plaintiff's claim for compensation for a left shoulder occupational disease on June 1, 2001 is HEREBY DENIED.
3. Plaintiff's claim for compensation for a left shoulder injury by accident on June 1, 2001 is HEREBY DENIED.
4. Each side shall bear their own costs.
This the 21st day of July 2006
 S/___________________ DIANNE C. SELLERS, COMMISSIONER
CONCURRING:
 S/_____________ BUCK LATTIMOR COMMISSIONER
 S/_______________ THOMAS J. BOLCH COMMISSIONER